# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JAMES H. BANKSTON, JR.; RALPH B. PFEIFFER, JR.; MARK JOHNSTON; TERESA K. THORNE; and GASP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALABAMA PUBLIC SERVICE COMMISSION; TWINKLE ANDRESS CAVANAUGH, in her official capacity as President of the Alabama Public Service Commission; JEREMY H. ODEN, in his official capacity as Commissioner of the Alabama Public Service Commission; and CHRIS "CHIP" BEEKER, in his official capacity as Commissioner of the Alabama Public Service Commission, <br><br> Defendants. | Case No.: 2:21-cv-469-SMD |

## ALABAMA POWER COMPANY'S
## UNOPPOSED MOTION TO INTERVENE AS A DEFENDANT

Pursuant to Federal Rule of Civil Procedure 24(a), Alabama Power Company ("Alabama Power") moves this Court to intervene as a defendant in this case as a matter of right. The amended complaint (Doc. 12) seeks declarations that certain provisions of Rate Rider RGB (Supplementary, Back-Up, or Maintenance Power) ("Rate Rider RGB")—an electric service tariff that Alabama Power filed with, and which has been approved by, Defendant Alabama Public Service Commission ("Commission") in accordance with Alabama Code § 37-1-81—violates the Public Utility Regulatory Policies Act of 1978 ("PURPA"). Because Rate Rider RGB is Alabama Power's

1

rate, pursuant to which Alabama Power recovers the cost of providing back-up power to Plaintiffs Bankston, Pfeiffer, Johnston and Thorne, Alabama Power has a direct interest in this case.

1. Alabama Power has maintained electric service tariffs setting forth the terms and conditions for the provision of back-up power service (also referred to as standby service) since 1981. The Commission approved the original version of Rate Rider RGB in 1987, and Alabama Power placed it on file for use in January 1988. The provisions of Rate Rider RGB challenged by Plaintiffs' amended compliant—Part I.B of Rate Rider RGB—were approved by the Commission in January 2013 and were put into effect in May of that year.

2. In 2018, Plaintiffs[1] filed a complaint with the Commission under Alabama Code §§ 37-1-83 and -84 claiming that Part I.B of Rate Rider RGB was unlawful. Alabama Power litigated the Plaintiffs' complaint concerning Rate Rider RGB, along with modifications to the tariff proposed by Alabama Power, and the Commission entered an order approving the modifications and dismissing the complaint in 2020. In 2021, Alabama Power intervened before the Federal Energy Regulatory Commission ("FERC") and opposed Plaintiffs' petition to FERC that it bring this lawsuit against the Commission under PURPA.

3. Plaintiffs' amended complaint makes clear that the tariff it challenges as unlawful under PURPA is Alabama Power's Rate Rider RGB:

> 11.    . . . . Dr. Bankston interconnected his solar facility with Alabama Power's system in April 2016 and thereby became subject to monthly charges for back- up power service under Alabama Power's Rate Rider RGB.
> . . . .
>
> 23.    By approving Alabama Power's unjust and discriminatory charges for back- up power service under Rate Rider RGB, Defendant has failed to implement PURPA's rates for sales provisions set forth in 18 C.F.R. § 292.305.

---

[1] Plaintiffs Bankston, Pfeiffer, and GASP filed the APSC Complaint before the Commission. Plaintiffs Johnston and Thorne submitted affidavits in the APSC proceedings but did not appear as parties.

. . . .

**REQUEST FOR RELIEF**

. . . .

  A. Declare that by approving and allowing <u>Alabama Power</u> to impose the <u>Rate Rider RGB</u> charges for back-up power service, Defendant has failed to implement the requirements of 18 C.F.R. § 292.305(a)(1) that rates for sales to QFs be just, reasonable, in the public interest, and nondiscriminatory in comparison to rates for sales to other customers served by <u>Alabama Power</u>.

(Doc. 12 at ¶¶ 11, 23, and p. 20) (emphases added).

  4. Alabama Power accordingly has an interest relating to the transactions implicated by the amended complaint—maintaining the provisions of Rate Rider RGB under which Alabama Power charges for the back-up power service provided to residential electric customers Plaintiffs Bankston, Pfeiffer, Johnston and Thorne. *See* Fed. R. Civ. P. 24(a)(2) (allowing intervention of right where the proposed intervenor has "an interest relating to the property or transaction that is the subject of the action"). Because Plaintiffs seek a judgment that orders the Commission to forbid Alabama Power from collecting charges pursuant to Part I.B of Rate Rider RGB, Alabama Power would be bound by the judgment and thus has a sufficient interest to intervene. *See* Doc. 12 at p. 21, ¶ E. (seeking the following relief: "Order Defendant to implement 18 C.F.R. § 292.305(a) by requiring the same charges for utility-supplied electricity to solar and non-solar customers . . . ."), *id*. at ¶ G ("Order Defendant to direct Alabama Power to immediately cease collecting the Capacity Reservation Charge and Alternative Rate RTA charges"), *id*. at ¶ H ("Order Defendant to implement 18 C.F.R. § 292.305(b) by allowing Alabama Power to collect charges for back-up power service only from customers who specifically request such service"); *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 696 (11th Cir. 2017) (intervenors "have an interest in this case because, as class members, they will be bound by the terms of the settlement if it is approved and judgment is entered"); Ala. Code § 37-1-40 ("Every utility subject to the

supervision of the Public Service Commission, . . . shall obey, observe and comply with every order made by the Public Service Commission under the authority of this title.")

5. As the public utility that sells electricity to Plaintiffs under Rate Rider RGB, Alabama Power is so situated that a ruling by this Court that Part I.B. of Rate Rider RGB violates PURPA would, as a practical matter, impair Alabama Power's ability to claim that the rate is valid for the small business and school customers that also take service under the tariff. *See* Fed. R. Civ. P. 24(a)(2) (allowing intervention of right where the proposed intervenor "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest"); *Atlantis Dev. Corp. v. United States*, 379 F.2d 818, 828 (5th Cir. 1967) (allowing intervention and stating: "If in its claim against the defendants in the main suit these questions are answered favorably to [the opposing party's] position, the claim of [intervenor] for all practical purposes is worthless").

6. Plaintiffs oppose Alabama Power's interest in maintaining the operation of Rate Rider RGB. In evaluating the reasonableness of rates, the Commission by law must consider both the interests of the public and those of the utility. Accordingly, the Commission cannot fully represent Alabama Power's interest in maintaining Rate Rider RGB. In addition, Alabama Power has access to more information as to how it interacts with its customers. *See* Fed. R. Civ. P. 24(a)(2) (allowing intervention of right "unless existing parties adequately represent that [Alabama Power's] interest"); *see, e.g.*, Ala. Code § 37-1-80 ("The rates and charges for the services rendered and required shall be reasonable and just to both the utility and the public."); Ala. Code 37-1-83 (the Commission may investigate rates in the public interest); *CSX Transp., Inc. v. Georgia Pub. Serv. Comm'n*, 944 F. Supp. 1573, 1578 (N.D. Ga. 1996) (allowing private party, a union, to intervene in case where public service commission was a party because the interests of the governmental entity

were likely to diverge from those of a private intervenor, as to such issues, for example, as the amount of money which will be expended in litigation in order to defend the existing system) [2]; *Bass v. Richardson*, 338 F. Supp. 478, 492 (S.D.N.Y. 1971) (holding representation by party inadequate where intervenor had access to factual matters that parties did not).

7. Alabama Power has conferred with counsel for Plaintiffs who have stated through counsel that, while they do necessarily agree with the factual assertions set forth herein, they do not oppose intervention.

8. Consistent with Federal Rule of Civil Procedure 24(c), Alabama Power has included with this motion its initial defense for which intervention is sought.

**WHEREFORE, PREMISES CONSIDERED**, Alabama Power respectfully requests that this Court grant this Motion to Intervene as a Defendant for all purposes in this action.

Respectfully submitted this the 16th day of September, 2021.

> */s/ David R. Boyd*
> One of the Attorneys for Intervenor-
> Defendant Alabama Power Company

**OF COUNSEL:**
David R. Boyd (ASB-0717-D52D)
Email dboyd@balch.com
Aria B. Allan (ASB-2064-E10Q)
Email: aallan@balch.com
BALCH & BINGHAM LLP
105 Tallapoosa St., Suite 200
Montgomery Alabama 36104
Tel.: (334) 269-3159
FAX: (334) 269-3115

---

[2] (Citing *Meek v. Dade County*, 985 F.2d 1471, 1478 (11th Cir.1993), *abrogated on other grounds by Lance v. Coffman*, 549 U.S. 437 (2007) (on voting rights grounds); *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir.1986) (recognizing inadequacy of government representation of private parties in certain circumstances due to government's duty to represent public interest of citizens); *Natl. Farm Lines v. ICC*, 564 F.2d 381, 384 (10th Cir.1977) (stating that government agency's protection of not only interest of public but also private interest of petitioner was "a task which on its face is an impossible burden")).

Scott Borden Grover (ASB-3661-066G)
Email: sgrover@balch.com
Jason B. Tompkins (ASB-3737-N72T)
Email: jtompkins@balch.com
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama  35203
Tel.: (205) 226-8781
Fax: (205) 488-5448

**CERTIFICATE OF SERVICE**

   I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that service will be perfected upon the following CM/ECF participants electronically on this the 16th day of September, 2021,

*Attorneys for Plaintiffs GASP, Inc., Mark Johnston and Teresa K Thorne*:

Keith A. Johnston
Email: kjohnston@selcal.org
Christina A. Tidwell
Email: ctidwell@selcal.org
SOUTHERN ENVIRONMENTAL LAW CENTER
2829 2nd Avenue South, Suite 282
Birmingham, Alabama 35233
Tel: (205) 745-3060

Kurt D. Ebersbach
Email: kebersbach@selcga.org
SOUTHERN ENVIRONMENTAL LAW CENTER
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
Tel: (404) 521-9900

*Attorneys for Plaintiffs James H. Bankston, Jr. and Ralph B. Pfeiffer, Jr.*:

Clay Ragsdale
Email: clay@ragsdalellc.com
Allison Riley
Email: allison@ragsdalellc.com
RAGSDALE LLC
517 Beacon Parkway W.
Birmingham, AL 35209
Tel: (888)727-1087

*Attorneys for the Alabama Public Service Commission*:

Luther D. Bentley IV
Email: luke.bentley@psc.alabama.gov
V. Chad Mason, Jr.
Email: chad.mason@psc.alabama.gov
ALABAMA PUBLIC SERVICE COMMISSION
100 North Union Street
RSA Union Building, Suite 802
Montgomery, Alabama 36104
Tel.:  (334) 242-5200

            */s/ David R. Boyd*
            Of Counsel