**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JAMES H. BANKSTON, JR.;** | ) | |
| **RALPH B. PFEIFFER, JR.;** | ) | |
| **MARK JOHNSTON;** | ) | |
| **TERESA K. THORNE;** | ) | |
| **and GASP, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALABAMA PUBLIC SERVICE** | ) | |
| **COMMISSION; TWINKLE** | ) | |
| **ANDRESS CAVANAUGH, in her** | ) | |
| **official capacity as President of the** | ) | |
| **Alabama Public Service Commission;** | ) | **Case No.: 2:21-cv-469-MHT-SMD** |
| **JEREMY H. ODEN, in his official** | ) | |
| **capacity as Commissioner of the** | ) | |
| **Alabama Public Service Commission; and** | ) | |
| **CHRIS "CHIP" BEEKER, in his official** | ) | |
| **capacity as Commissioner of the Alabama** | ) | |
| **Public Service Commission,** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **ALABAMA POWER COMPANY,** | ) | |
| **Intervenor-Defendant.** | ) | |

## INTERVENOR-DEFENDANT ALABAMA POWER COMPANY'S MOTION TO STAY SUMMARY JUDGMENT BRIEFING SCHEDULE

Intervenor-Defendant Alabama Power Company ("Alabama Power") respectfully moves the Court to stay this Court's Order (Doc. 43) concerning the briefing and submission schedule for Plaintiffs' motion for partial summary judgment until the Court rules on the two pending motions to dismiss, both of which contend this Court lacks subject matter jurisdiction. In support thereof, Alabama Power shows as follows:

**PROCEDURAL HISTORY**

1.      On July 12, 2021, Plaintiffs James H. Bankston, Jr., Ralph B. Pfeiffer, Jr., Mark Johnston, Teresa K. Thorne, and GASP, Inc. (collectively "Plaintiffs") filed a complaint against the Alabama Public Service Commission ("APSC" or "Commission") asserting that the Commission has violated the Public Utility Regulatory Policies Act of 1978 ("PURPA"), 16 U.S.C. § 824a-3, by failing to implement PURPA's requirements "that preclude regulated utilities from charging unjust and discriminatory rates for the sale of electricity to 'qualifying facilities' ('QFs'), a category that includes customers who own solar generation." *See* Doc. 1, ¶ 1.

2.      Plaintiffs amended their complaint, as a matter of course, on August 2, 2021 "for the sole purpose of adding the three Commissioners as party defendants." Doc. 12, p. 1. At the time of amendment, the Commission had not made its initial appearance.[1]

3.      Plaintiffs' operative complaint focuses on the Commission's approval of Alabama Power's rates for electric service under specific tariffs. *See generally* Doc. 12. The individual Plaintiffs have each installed a solar power system on their property to generate electricity and have interconnected that system to Alabama Power's electrical grid, but they remain residential customers of Alabama Power for their non-solar-generated electricity. *See id.* at ¶¶ 11–14. Alabama Power charges them a monthly "capacity reservation charge" under Rate Rider RGB (Fifth). *Id.* at ¶¶ 25–28. In Plaintiffs' view, the ASPC's approval of Alabama Power's Rate Rider RGB (Fifth) in 2012, and further revisions approved in October 2020, constituted a violation of PURPA's implementation rules. *See generally id.*

---

[1] For the purposes of this motion, Alabama Power includes the individual Commissioners when it references "the Commission" or the "APSC."

4.     The Commission timely moved to dismiss Plaintiffs' amended complaint on September 9, 2021, on the basis that this Court lacks subject matter jurisdiction. *See* Docs. 19–20. The Commission argued that Plaintiffs' claims actually do not challenge its "implementation" of PURPA, but rather constitute an "as-applied challenge." *See* Doc. 20 at 17–23.

5.     On September 16, 2021, Alabama Power moved to intervene as a defendant. Doc. 27. With its motion, Alabama Power submitted its proposed response to Plaintiffs' amended complaint. Docs. 27-1, 27-2. Like the APSC, Alabama Power moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(1). Alabama Power argued that "this Court lacks subject matter jurisdiction over the alleged claims, as they constitute 'as-applied' claims, the adjudication of which Congress directed to state courts through 16 U.S.C. § 824a-3(g)." Doc. 27-2 at 1–2.

6.     Plaintiffs responded to both the APSC's and Alabama Power's motions to dismiss. *See* Doc. 29, p. 3 n. 1. The APSC and Alabama Power replied on October 18, 2021. *See* Docs. 31–32.

7.     After the briefing was completed, this case was reassigned to Judge Thompson. *See* Doc. 34.

8.     On October 29, 2021, the Court granted Alabama Power's unopposed motion to intervene and directed it to "file its motion to dismiss (Doc. 27-1) and the associated documents as new entries on the docket." Doc. 35. Alabama Power accordingly refiled its papers. *See* Docs. 36–38. The APSC's and Alabama Power's motions are under submission and ripe for decision.[2] Doc. 40.

---

[2] Neither the APSC nor Alabama Power has answered the amended complaint, and thus have not raised additional defenses that would be available to them if this Court had subject matter jurisdiction.

9.      Notwithstanding the pending dispositive motions directed to jurisdiction, Plaintiffs inexplicably moved for partial summary judgment on their first two claims on November 10, 2021. *See* Docs. 41–42. On November 12, 2021, the Court entered an order, setting the motion "for submission, without oral argument, on December 21, 2021, with any opposition brief due by December 7, 2021, and any reply to the opposition due by December 21, 2021." Doc. 43.

## ARGUMENT AND CITATION OF AUTHORITY

Alabama Power urges the Court to stay the briefing schedule, and any consideration of Plaintiffs' motion for partial summary judgment, until the Court has ruled on the two pending dispositive motions before it. The Supreme Court has long recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936); *see also B&G Equip. Co., Inc. v. Airofog USA, LLC*, No. 8:19-cv-403-T-36AEP, 2021 WL 4527511, at \*2 (M.D. Fla. Jan. 27, 2021) (discussing district court's "broad discretion to stay proceedings as incidental to their power to control their own dockets").

A stay of any consideration of Plaintiffs' motion for partial summary judgment is necessary because "a court is powerless to act without subject matter jurisdiction." *See Canal Ins. Co. v. INA Trucking, LLC*, No. 1:16cv82-MHT-SRW, 2017 WL 1146984, at \*8 (M.D. Ala. Mar. 10, 2017) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without jurisdiction, the court is powerless to continue.")); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("However, because a federal court

is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case….).

The pending jurisdictional challenges expressed in the APSC's and Alabama Power's motions to dismiss address this core concern. Until the Court resolves the question of subject matter jurisdiction, it is "powerless to consider the merits." *Univ. of S. Ala.*, 168 F.3d at 410 (citing *Wernick v. Mathews*, 524 F.2d 543, 545 (5th Cir. 1975)). The Court continued:

> A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction **at the earliest possible stage in the proceedings**. … The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.

*Id.* (internal marks and citations omitted) (emphasis added); *see also Smith*, 236 F.3d at 1299 ("[F]ederal courts can exercise this power only over cases for which there has been a congressional grant of jurisdiction, and because the Constitution unambiguously confers this jurisdictional power to the sound discretion of Congress, federal courts should proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction.") (internal marks and citations omitted). The courts' power to hear "cases and controversies" stems from the authority granted by Article III of the Constitution or "by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409. "Congress, however, may give, withhold, or restrict such jurisdiction at its discretion[.]" *Id.* (internal marks and citations omitted). In its discretion, Congress created jurisdictional boundaries within the statutory text at issue. That is, under PURPA subject matter jurisdiction is split between the federal and state courts. *See* Docs. 20, 31, 37–38.

Here, the Commission and Alabama Power contend that Plaintiffs' claims are the type of claims that must be heard in Alabama state court. *See* 16 U.S.C. § 824a-3(h); *see also* Docs. 20,

37. Plaintiffs obviously disagree with this posture and have attempted to persuade this Court that they have raised federal (and not state) claims. *See* Doc. 29. Until the Court resolves this issue— the question of whether it has subject matter jurisdiction and "has the power" to hear this case— no other action should occur. This Court recognizes that "[i]t is to be presumed that a cause lies outside this limited [federal] jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Jones v. Rooks*, No. 1:20-cv-158-ECM, 2020 WL 1821456, at *1 (M.D. Ala. Apr. 10, 2020) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376 (1994)) (internal marks omitted). The question of jurisdiction is a threshold consideration for the Court and, absent resolution of the question, the Court should decline Plaintiffs' invitation to proceed to the merits. *See B&G Equip. Co., Inc.*, 2021 WL 4527511 at *1–*2 (granting defendants' motion to stay pending resolution of their motion to dismiss challenging subject matter jurisdiction).

Entering a stay of the summary judgment schedule and consideration of Plaintiffs' motion for partial summary judgment will not prejudice the Court or the parties. *See* Fed. R. Civ. P. 1 ("[The Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Indeed, such a stay will conserve resources and permit the Court first to answer the threshold question of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, Alabama Power moves the Court to stay the briefing schedule and any consideration of Plaintiffs' motion for partial summary judgment until the Court rules on the Commission's and Alabama Power's pending motions to dismiss for lack of subject matter jurisdiction.

6

Respectfully submitted this 19th day of November, 2021.

*/s/ David R. Boyd*
Attorney for Intervenor-Defendant
Alabama Power Company

**OF COUNSEL**:

David R. Boyd (ASB-0717-D52D)
Email dboyd@balch.com
Aria B. Allan (ASB-2064-E10Q)
Email: aallan@balch.com
BALCH & BINGHAM LLP
105 Tallapoosa St., Suite 200
Montgomery Alabama 36104
Tel.: (334) 269-3159
Facsimile: (334) 269-3115

Scott Borden Grover (ASB-3661-066G)
Email: sgrover@balch.com
Jason B. Tompkins (ASB-3737-N72T)
Email: jtompkins@balch.com
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama  35203
Tel.: (205) 226-8781
Facsimile: (205) 488-5448

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following by email and/or U.S. Mail on this the 19th day of November, 2021:

*Attorneys for Plaintiffs GASP, Inc., Mark Johnston and Teresa K. Thorne:*
Keith A. Johnston
Christina A. Tidwell
SOUTHERN ENVIRONMENTAL LAW CENTER
2829 2nd Avenue South, Suite 282
Birmingham, AL  35233
Telephone: (205) 745-3060
Email: kjohnston@selcal.org
          ctidwell@selcal.org

Kurt D. Ebersbach
SOUTHERN ENVIRONMENTAL LAW CENTER
Ten 10th Street NW, Suite 1050
Atlanta, GA  30309
Telephone: (404) 521-9900
Email: kebersbach@selcga.org

*Attorneys for Plaintiffs James H. Bankston, Jr. and Ralph B. Pfeiffer, Jr.:*
Clay Ragsdale
Allison Riley
RAGSDALE LLC
517 Beacon Parkway W.
Birmingham, AL  35209
Telephone: (888) 727-1087
Email: clay@ragsdalellc.com
          allison@ragsdalellc.com

*Attorneys for the Alabama Public Service Commission*:
Luther D. Bentley IV
Email: luke.bentley@psc.alabama.gov
V. Chad Mason, Jr.
Email: chad.mason@psc.alabama.gov
ALABAMA PUBLIC SERVICE COMMISSION
100 North Union Street
RSA Union Building, Suite 802
Montgomery, Alabama 36104
Telephone: (334) 242-5200

*/s/ David R. Boyd*
Of Counsel