IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES H. BANKSTON, JR.; <br> RALPH B. PFEIFFER, JR.; <br> MARK JOHNSTON; <br> TERESA K. THORNE; <br> and GASP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALABAMA PUBLIC SERVICE COMMISSION; TWINKLE ANDRESS CAVANAUGH, in her official capacity as President of the Alabama Public Service Commission; JEREMY H. ODEN, in his official capacity as Commissioner of the Alabama Public Service Commission; and CHRIS "CHIP" BEEKER, in his official capacity as Commissioner of the Alabama Public Service Commission, <br><br> Defendants, <br><br> And <br><br> ALABAMA POWER COMPANY, <br><br> Intervenor-Defendant. | CASE NO. 2:21-CV-00469-MHT-SMD |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO STAY SUMMARY JUDGMENT BRIEFING SCHEDULE**

Plaintiffs James H. Bankston, Jr., Ralph B. Pfeiffer, Jr., Mark Johnston, Teresa K. Thorne, and GASP, Inc. respectfully file this response in opposition to the motions to stay filed by Intervenor-Defendant Alabama Power Company ("Alabama Power") and Defendants Alabama Public Service Commission, Commission President Twinkle Andress Cavanaugh, and fellow Commissioners Jeremy H. Oden and Chris "Chip" Beeker, in their official capacities ("PSC

Defendants") (collectively, "Defendants"), ECF Nos. 44-45. Defendants ask the Court to stay its Order, ECF No. 43, setting a briefing and submission schedule for Plaintiffs' motion for partial summary judgment, filed on November 10, 2021, ECF No. 41.

The Court should refuse the requested stay. While Alabama Power asserts the Court is "powerless to consider the merits" until it has resolved subject matter jurisdiction, the Defendants' pending motions to dismiss ask the Court to do just that. Both Defendants have submitted extensive evidentiary material in an effort to characterize Plaintiffs' claims as different than actually alleged. *See* ECF Nos. 19, 20, 36, 37. On the basis of their evidentiary submissions, Defendants ask the Court to find that Plaintiffs' claims constitute "as applied challenges" (over which federal jurisdiction is lacking) even though they were expressly pleaded as implementation claims.

In short, this case has already reached the merits stage, and because the material facts are not in dispute (the parties instead advance different interpretations to be drawn from the same set of facts), there is nothing improper or "inexplicable" about Plaintiffs moving for summary judgment. Judicial economy will be served by addressing all pending dispositive motions at once. To that end, it is appropriate for Defendants to respond to Plaintiffs' motion by the deadline set by the Court. The burden to Defendants is minimal and necessary to ensure a full and fair result on the jurisdictional issue presented for adjudication, which is also a merits issue.

## ARGUMENT AND LEGAL AUTHORITY

Defendants do not dispute Plaintiffs' core substantive allegations. Nor can they: as Plaintiffs' motion for partial summary judgment shows, the key dispositive admissions—such as that solar customers cost less to serve—came directly from Alabama Power. Instead, Defendants argue that PURPA does not provide for a federal cause of action for the claims asserted in Plaintiffs' First Amended Complaint, ECF No. 12. In a similar case, the district court elected to

treat the defendant's motion to dismiss as a facial challenge to subject matter jurisdiction in order to "afford the non-moving party, the plaintiffs, the same protections they would receive defending against a motion brought under Rule 12(b)(6)." *Windway Techs., Inc. v. Midland Power Co-op*, No. C00-3089MWB, 2001 WL 1248741, at *3 (N.D. Iowa Mar. 5, 2001).[1] Relying on that case, Plaintiffs have previously urged the Court to treat Defendants' motions to dismiss as facial—rather than factual—attacks on jurisdiction. Pls.' Resp. Br., ECF No. 29 at 17.[2] Plaintiffs also noted, however, that Defendants' evidentiary submissions served to confirm rather than to disprove Plaintiffs' jurisdictional allegations, as well as to confirm the validity of their substantive claims. *Id.*

Plaintiffs' pending motion for partial summary judgment is simply an extension of those arguments, in this instance not to avoid dismissal but to secure judgment in their favor. Plaintiffs' motion rests on the same facts underlying Defendants' motions to dismiss. It supplies additional undisputed facts to confirm the Court's subject matter jurisdiction and to establish the implementation failures giving rise to Counts One and Two of the complaint. Like Defendants, Plaintiffs seek potentially dispositive rulings. Considering Plaintiffs' motion alongside Defendants' pending motions will serve judicial economy, not undermine it.

---

[1] The district court in *Midland* ultimately concluded that the plaintiffs had in fact brought "as applied" claims based on statements asserting their action was for damages and "in no way" sought to require the defendants to comply with PURPA. *Windway Techs., Inc.*, 2001 WL 1248741, at *6. In addition, the plaintiffs had not shown in their complaint or elsewhere that they had met the jurisdictional requirement of 16 U.S.C. § 824a-3(h) of first petitioning FERC. *Id.* at *7. Here, by contrast, Plaintiffs do not seek damages, have made abundantly clear that they seek compliance with PURPA, and have alleged (and shown through attachments to their complaint) that they have satisfied the jurisdictional prerequisites of 16 U.S.C. § 824a-3(h). *See* First Am. Compl. ¶ 8 & Ex. B, ECF No. 12.

[2] The Court should note that in their reply brief, the PSC Defendants agreed that their 12(b)(1) motion is a facial rather than factual attack on jurisdiction. PSC Defs.' Reply Br., ECF No. 31 at 3. Thus, the PSC Defendants agree that Plaintiff's factual allegations regarding jurisdiction (as set forth in paragraphs 1-8 of their First Amended Complaint) are presumed to be true. *Eaton v. Dorchester Dev., Inc*. 692 F.2d 727, 731 (11th Cir. 1982) ("If the motion to dismiss is a facial attack on the complaint, then the reviewing court must consider the allegations in the plaintiff's complaint as true."). In any event, Defendants' evidentiary submissions simply confirm those allegations.

3

Indeed, as an alternative to treating Defendants' motions to dismiss as a facial attack, Plaintiffs urged the Court to evaluate Defendants' motions to dismiss under the Federal Rule of Civil Procedure 56 summary judgment standard. The law in the Eleventh Circuit is clear that Federal Rule of Civil Procedure 12(b)(1) may not be used to indirectly attack the merits of a plaintiff's claim. Where a jurisdictional issue is "intertwined with the underlying merits," the Court must resolve the motion under Rule 56 instead of Rule 12(b)(1). *Morrison v. Amway Corp.*, 323 F.3d 920, 927 (11th Cir. 2003). This is an important exception to the otherwise prevailing rule, whereunder the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted). The exception is designed to afford "a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)).

To be sure, the *Morrison* and *Lawrence* cases involved tort claims and the concern that resolving a jurisdictional issue that was also a necessary element of the plaintiff's substantive case would "erroneously invade[] the province of the jury." *Morrison*, 323 F.3d at 930. The same concern is not present here, as Plaintiffs do not seek a jury trial, but instead seek summary judgment in their favor. But the principle is the same: where the jurisdictional assault is "intertwined" with an element of the underlying cause of action, a summary judgment lens is appropriate. This principle hails from the United States Supreme Court's decision in *Bell v. Hood*, 327 U.S. 678 (1946). There, the Court established a strict standard for dismissal for lack of subject matter jurisdiction where the basis for federal jurisdiction is also an element of the plaintiffs' federal cause of action. Under that standard, dismissal should occur—if at all—"on the merits, not for want of jurisdiction." *Id.* at 682.

4

Here, as in *Lawrence*, "[t]he pertinent inquiry will resolve both the question of subject matter jurisdiction and a necessary element of [plaintiffs' claims]." 919 F.2d at 1529. Plaintiffs have asserted implementation claims under PURPA, a federal statute. An implementation claim is one alleging inconsistency between the implementation act of a regulatory authority—like the PSC Defendants' unlawful approval of the rate revisions at issue here—and the governing federal regulation (i.e., those issued by the Federal Energy Regulatory Commission, or "FERC," consistent with that agency's duties under PURPA). *See Vote Solar v. City of Farmington*, 2 F.4th 1285, 1290 (10th Cir. 2021) ("the implementation required by Section 210(f) and challenged by Plaintiffs under Section 210(h)(2) demands facial consistency with FERC rules"); *Morgantown Energy Assocs. v. Pub. Serv. Comm'n of W. Va.*, No. 2:12-CV-6327, 2013 WL 5462386, at *16 (S.D.W. Va. Sept. 30, 2013) ("Section 210 'implementation' actions are not limited to the review of a regulatory authority's initial implementation"; if the state commission order modifies rates contrary to FERC regulations, the commission has failed to implement PURPA). Each of Plaintiffs' claims alleges both an act of flawed implementation and how that act conflicts with a governing PURPA regulation. Thus, for the Court to decide, at Defendants' urging, that Plaintiffs' claims are instead "as applied claims," would do more than simply determine jurisdiction.

In such instances, "the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on merits of the plaintiff's case." *Lawrence*, 919 F. 2d at 1529 (quoting *Williamson*, 645 F.2d at 415). As the Eleventh Circuit has quoted approvingly, "[j]udicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits." *Id.* Plaintiffs' claims should not be dismissed; two of them should be summarily granted. But either way, the Court is required to address the underlying merits. To ensure a fair and just result,

5

Defendants should have to respond by the date already set by the Court to the more comprehensive statement of material facts set forth in Plaintiffs' motion for partial summary judgment.

The Court has already implicitly rejected the need for a stay by setting deadlines for the briefing and submission of Plaintiff's motion. ECF No. 43. A stay pending ruling on a motion to dismiss is normally sought to avoid potentially unnecessary and costly discovery. Plaintiffs do not seek discovery; they seek judgment based on facts establishing clear violations of PURPA. Had Defendants believed a stay to be necessary, they could have sought one far earlier in the case, such as contemporaneously with the filing of their motions to dismiss. Granting Defendants' request to stay the briefing schedule would improperly limit the scope of the merits prior to the Court's issuance of potentially dispositive rulings.

Furthermore, the burden on Defendants to submit briefing in accordance with the Court's current schedule is minimal. Plaintiffs have already responded to the Defendants' lengthy motions to dismiss and now have filed their own dispositive motion. Defendants should be required to respond so that the Court has all pertinent materials before it when issuing its rulings.

For all the foregoing reasons, Plaintiffs respectfully urge the Court to deny the motions by Intervenor-Defendant Alabama Power and the PSC Defendants to stay the briefing schedule applicable to Plaintiffs' pending motion for partial summary judgment.

Respectfully submitted this 1st day of December, 2021.

/s/ Kurt D. Ebersbach
Kurt D. Ebersbach (ASB-1716-X21R)
Southern Environmental Law Center
Ten 10th Street NW, Suite 1050
Atlanta, GA 30309
Tel:   (404) 521-9900
Fax:   (404) 521-9909
Email: kebersbach@selcga.org

Keith A. Johnston (ASB-0093-E68J)
Christina A. Tidwell (ASB-9696-D10R)
Southern Environmental Law Center
2829 2nd Avenue South, Suite 282
Birmingham, Alabama 35233
Tel:   (205) 745-3060
Fax:   (205) 745-3064
Email: kjohnston@selcal.org
       ctidwell@selcal.org

*Attorneys for Plaintiffs GASP, Inc., Mark Johnston and Teresa K. Thorne*


/s/ Clay Ragsdale
Clay Ragsdale (ASB-0308-A62R)
Allison Riley (ASB-0594-E28M)
Ragsdale LLC
517 Beacon Parkway W.
Birmingham, AL 35209
Tel:   (888)727-1087
Email: clay@ragsdalellc.com
       allison@ragsdalellc.com

*Attorneys for Plaintiffs James H. Bankston, Jr. and Ralph B. Pfeiffer, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by electronic filing on this 1st day of December, 2021:

*Attorneys for the Alabama Public Service Commission*:
Luther D. Bentley IV
Email: luke.bentley@psc.alabama.gov
V. Chad Mason, Jr.
Email: chad.mason@psc.alabama.gov
ALABAMA PUBLIC SERVICE COMMISSION
100 North Union Street
RSA Union Building, Suite 802
Montgomery, Alabama 36104
Telephone: (334) 242-5200

*Attorneys for Intervenor-Defendant Alabama Power Company*:
David R. Boyd
Email: dboyd@balch.com
Aria B. Allan
Email: aallan@balch.com
BALCH &BINGHAM LLP
105 Tallapoosa St., Suite 200
Montgomery Alabama 36104
Tel.: (334) 269-3159
Facsimile: (334) 269-3115

Scott Borden Grover
Email: sgrover@balch.com
Jason B. Tompkins
Email: jtompkins@balch.com
BALCH &BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Tel.: (205) 226-8781
Facsimile: (205) 488-5448

/s/ Kurt D. Ebersbach
*Of Counsel*