# Overview



I.     Rate Rider RGB

II.    12(b)(1)

III.   12(b)(6)

IV.   GASP's Standing

V.    Mootness/Amendment

# Rate Rider RGB



- Retail Electricity Rate

- Capacity Reservation Charge

- Result of Traditional Rate Proceeding

- Rate Subject to State Judicial Review

# Rate Rider RGB



- Customers with Onsite Generation have Options
  - Disconnect from the Grid (No Payment to Alabama Power)
  - Interconnect with Alabama Power (Capacity Reservation Fee in RGB)
  - Interconnect with Alabama Power (Other Options in RGB)

- Interconnection
  - Customer Asks for Interconnection
  - When Customer's Generator Not Producing, Pull from Grid
  - Expect Back-up Service when Request Interconnection

- Applicability of Rate Rider RGB
  - Only "Required" After Customer's On-site, Non-emergency Generation Interconnected, Parallel with Alabama Power's System
  - Only "Required" when Customer Will Pull from Grid when Needed

# 12(b)(1)



- PURPA (1978)
  - Section 210(g) → As Applied → State Court
  - Section 210(h) → As Implemented → Federal Court

- Greensboro Lumber Case
  - "In general, section 210(h)(2)(B) of PURPA limits federal court jurisdiction to claims that nonregulated utilities [or state agencies] ... have failed to comply with their obligation under § 210(f)(2) of PURPA to devise an implementation plan, after notice and opportunity for public hearing, that is consistent on its face with FERC's regulations." *Greensboro Lumber Co. v. Georgia Power Co.*, 643 F. Supp. 1345, 1374 (N.D. Ga. 1986), aff'd, 844 F.2d 1538 (11th Cir. 1988).

# 12(b)(1)



**Cases Finding Federal Jurisdiction**

- State Regulator Creating a Brightline Rule for Purchases *from* a QF
  - Exelon Wind v. Nelson (Texas PUC)
  - Occidental Chemical v. Louisiana PSC

- Nonregulated Utility Charging for Standby Service
  - ConocoPhillips v. Dept. of Water & Power of Los Angeles

**Not State PUC Approving Retail Rates**

# 12(b)(1)



## Cases Not Finding Federal Jurisdiction

- State Regulator Approving Retail Electricity Rates
  - *MIT v. Mass. Department of Public Utilities* (D. Mass. 1986)

- State Regulator Setting Specific Avoided Cost Rate
  - *CED v. Minn. Public Utilities Commission* (D. Minn. 2020)

- Support for Courts' Hesitancy to Find Section 210(h) Jurisdiction over State Regulator's Retail Electricity Rate
  - Traditional Jurisdictional Line between Wholesale and Retail
  - Hesitant to Engage in Complexities of Retail Ratemaking

# 12(b)(1)



**Plaintiffs' Claim 2**

- Assertion that Plaintiff did not ask for back-up service = "as-applied" claim

- Commission has Not Issued a Rule that Conflicts with Section 305(b)

- Commission's View of Back-Up Power is Consistent with FERC's View

# 12(b)(1)



**Court should Dismiss all 3 Claims for Lack of SMJ**

- Claims Are Not Like Cases Where Courts Found Jurisdiction
  - Commission Did Not Issue Brightline Rule for Purchases from QF
  - Not a Nonregulated Utility Charging for Standby Service

- Claim 2 Applies to Individual Plaintiffs

- No Court has Found PURPA Section 210 Jurisdiction to Review a State Regulator's Approval of Retail Rate

# 12(b)(6)



- Legal Question: Whether RGB Allows Alabama Power to Charge for Unrequested Service
- Legal Answer: RGB Does Not Allow Charge for Unrequested Service
- Wrong Party → Any Claim is Against Alabama Power
- Facts Not Sufficient for Claim Against Commission

**Court Should Dismiss Claim 2 under 12(b)(6)**

# GASP's Standing



Section 210 of PURPA limits the types of entities allowed to bring enforcement challenges against a state regulatory authority to only two categories: electric utilities and QFs. 16 U.S.C. § 824a-3(h)(2).

# Mootness/Amendment



- First Amended Complaint is Moot
  - RGB 6 is No Longer Effective Rate
  - RGB 7 (Materially Different) is Effective Rate
  - No Live Controversy Regarding RGB 6
- Cannot Amend Current Complaint
  - Cannot Replead Paragraph 8 of Complaint
  - Pre-requisite: Petition FERC for Enforcement

# Conclusion



- Court Should Dismiss All Claims for Lack of Subject Matter Jurisdiction
- Court Should Dismiss Claim 2 for Failure to State a Claim
- GASP Does Not Meet PURPA Standing Requirements
- Claims Against RGB 6 are Moot and Cannot Amend the Complaint