IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES H. BANKSTON, JR.;<br>RALPH B. PFEIFFER, JR.;<br>MARK JOHNSTON;<br>TERESA K. THORNE;<br>and GASP, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>ALABAMA PUBLIC SERVICE<br>COMMISSION; *et al.*,<br><br>    Defendants,<br><br>    and<br><br>ALABAMA POWER COMPANY,<br>    Intervenor-Defendant. | Case No.: 2:21-cv-469-MHT-SMD |

**RESPONSE OF ALABAMA POWER COMPANY
TO PLAINTIFFS' NOTICE OF INTENT**

Intervenor-Defendant Alabama Power Company ("Alabama Power") respectfully submits this response to Plaintiffs' Notice of Intent to File Supplemental Petition for Enforcement with FERC and Amend Complaint (Doc. 68). Plaintiffs' proposed course departs from the options discussed during the oral argument on the motions to dismiss (Docs. 19, 36) on February 8, 2023. Plaintiffs ask the Court to hold this case in abeyance while they exercise the rights afforded qualifying facilities

20799230.1

under 16 U.S.C. § 824a-3(h)(2)(B) and petition the Federal Energy Regulatory Commission ("FERC") to initiate an enforcement action pursuant to 16 U.S.C. § 824a-3(h)(2)(A). Then, if FERC declines to initiate the action, Plaintiffs would submit an amended complaint "from an abundance of caution, to include additional information about the new revision." (Doc. 68 at 2.) Plaintiffs question the necessity of this course, stating that "FERC has already declined to enforce the very claims at issue in this lawsuit," but offer that it will "avoid further delay and decrease the number of litigated issues before this Court." (*Id*. at 3.)

Plaintiffs' concern about judicial economy may be well intended, but that does not vest jurisdiction in this Court. The operative complaint (Doc. 12) challenges the lawfulness under the Public Utility Regulatory Policies Act of 1978 ("PURPA") of the October 16, 2020 order of the Alabama Public Service Commission ("Commission") authorizing Revision Sixth to Rate Rider RGB. (Doc. 37-5, Attachment Y.) The remedies Plaintiffs seek in that complaint concern Revision Sixth. (Doc. 12) There is, however, no longer a Revision Sixth that Alabama Power can use to serve customers. That tariff has been replaced by Revision Seventh, which was approved by the Commission by order dated November 2, 2021, in tandem with

a separate order issued the same day approving a new residential demand rate option.[1]

Thus, any claims Plaintiffs wish to pursue against the Commission regarding Rate Rider RGB are now confined to the November 2, 2021 order authorizing Revision Seventh. As Plaintiffs acknowledge, they have not presented FERC with a petition for enforcement regarding that order—a necessary prerequisite to filing suit in federal court. 16 U.S.C. § 824a-3(h)(2)(B) ("Any … qualifying small power producer may petition [FERC] to enforce the requirements of subsection (f) as provided in subparagraph (A) of this paragraph.  If [FERC] does not initiate an enforcement action under subparagraph (A) against a State regulatory authority … within 60 days following the date on which a petition is filed under this subparagraph with respect to such authority, the petitioner may bring an action in the appropriate United States district court….").

Plaintiffs cannot keep this case artificially alive to accommodate a future amendment when a *new* lawsuit, raising the same claim Plaintiffs would assert here by amendment, would have to be dismissed for want of jurisdiction because administrative remedies had not been exhausted at the time of filing. There is no

---

[1] The order approving Revision Seventh is available here: https://www.pscpublicaccess.alabama.gov/pscpublicaccess/ViewFile.aspx?Id=6c9720ac-f5ec-40f2-a958-5b0084bc70c1; the order approving the residential demand rate option is available here: https://www.pscpublicaccess.alabama.gov/pscpublicaccess/ViewFile.aspx?Id=d55ec66d-d9eb-42a1-8161-d665df8cbebc.

20799230.1

difference.² Accordingly, this Court does not have jurisdiction, and cannot have jurisdiction, until the statutory prerequisites are satisfied. Given its current posture, this case must be dismissed. *Cf. Yunker v. Allianceone Receivables Mgmt., Inc.*, 701 F.3d 369, 374 (11th Cir. 2012) ("No action of the parties can confer subject-matter jurisdiction upon a federal court." (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (cleaned up))).

Respectfully submitted this 23rd day of February, 2023.

/s/ Aria B. Allan
Attorney for Intervenor-Defendant
Alabama Power Company

---

² While there is no Eleventh Circuit precedent directly on point under PURPA, the Second Circuit has spoken directly to the issue. *See Allco Finance Ltd. v. Klee*, 805 F.3d 89, 97-98 (2d Cir. 2015) ("This Court has also held that the administrative exhaustion requirement is jurisdictional." (citing *Niagara Mohawk Power Corp. v. FERC*, 306 F.3d 1264, 1270 (2d Cir. 2002)). *See also Power Resource Group v. PUCT*, 422 F.3d 231, 235 (5th Cir. 2005) ("The district court explained that federal district courts only have jurisdiction if the party has first petitioned FERC to bring an enforcement action and FERC failed to do so, and the claim must challenge the state regulations as unlawful implementations of PURPA and FERC regulations."). *Cf. Tenet Healthsystem GB, Inc. v. Care Improvement Plus S. Cent. Ins. Co.*, 875 F.3d 584, 587, 591 (11th Cir. 2017) (affirming dismissal for lack of subject-matter jurisdiction for failing to exhaust administrative remedies).

In analogous contexts, though, "the law of the [Eleventh Circuit] is that belated exhaustion, followed by an amended complaint, does not cure the initial failure to exhaust." *Fails v. Sec'y, FDOC*, 2014 WL 4092262, at *1 (N.D. Fla. Aug. 19, 2014) (citing *Smith v. Terry*, 491 F. App'x 81, 82–83 (11th Cir. 2012) (affirming dismissal of claim under Prison Litigation Reform Act, which includes an analogous exhaustion of remedies as a pre-condition to suit). An amendment or supplement to an operative complaint cannot change historical fact: an unexhausted administrative remedy corresponding to that complaint. Stated differently, the exhaustion defect cannot be cured. *See Smith*, 491 F. App'x at 83; *see also Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981) (stating that jurisdiction under the Federal Tort Claims Act "must exist at the time the complaint is filed," and a court may not "stay or hold in abeyance" a premature claim "until the six month period accrues" in a case where plaintiffs did not wait the required six months or receive final agency denial of claim).

4

**OF COUNSEL**:

David R. Boyd (ASB-0717-D52D)
Email dboyd@balch.com
Aria B. Allan (ASB-2064-E10Q)
Email: aallan@balch.com
BALCH & BINGHAM LLP
105 Tallapoosa St., Suite 200
Montgomery Alabama 36104
Tel.: (334) 269-3159
Facsimile: (334) 269-3115

Scott Borden Grover (ASB-3661-066G)
Email: sgrover@balch.com
Jason B. Tompkins (ASB-3737-N72T)
Email: jtompkins@balch.com
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama  35203
Tel.: (205) 226-8781
Facsimile: (205) 488-5448

20799230.1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following by email and/or U.S. Mail on this the 23nd day of February, 2023:

*Attorneys for Plaintiffs GASP, Inc., Mark Johnston and Teresa K. Thorne:*
Barry A. Brock
Christina A. Tidwell
SOUTHERN ENVIRONMENTAL LAW CENTER
2829 2nd Avenue South, Suite 282
Birmingham, AL  35233
Telephone: (205) 745-3060
Email: bbrock@selcal.org
         ctidwell@selcal.org

Frank S. Holleman, III
Maia D. Hutt
SOUTHERN ENVIRONMENTAL LAW CENTER
601 W. Rosemary Street, Suite 220
Chapel Hill, NC 27516
Telephone: (919) 967-1450
Email: fholleman@selcnc.org
         mhutt@selcnc.org

*Attorneys for Plaintiffs James H. Bankston, Jr. and Ralph B. Pfeiffer, Jr.:*
Clay Ragsdale
Allison Riley
RAGSDALE LLC
517 Beacon Parkway W.
Birmingham, AL  35209
Telephone: (888) 727-1087
Email: clay@ragsdalellc.com
         allison@ragsdalellc.com

*Attorneys for the Alabama Public Service Commission*:
Luther D. Bentley IV
Email: luke.bentley@psc.alabama.gov
V. Chad Mason, Jr.
Email: chad.mason@psc.alabama.gov

20799230.1

ALABAMA PUBLIC SERVICE COMMISSION
100 North Union Street
RSA Union Building, Suite 802
Montgomery, Alabama 36104
Telephone: (334) 242-5200

                                                                           */s/ Aria B. Allan*
                                                                           Of Counsel

20799230.1