IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES H. BANKSTON, JR.; <br> RALPH B. PFEIFFER, JR.; <br> MARK JOHNSTON; <br> TERESA K. THORNE; <br> and GASP, INC., <br> <br>         Plaintiffs, <br> <br> v. <br> <br> ALABAMA PUBLIC SERVICE COMMISSION; TWINKLE ANDRESS CAVANAUGH, in her official capacity as President of the Alabama Public Service Commission; JEREMY H. ODEN, in his official capacity as Commissioner of the Alabama Public Service Commission; and CHRIS "CHIP" BEEKER, in his official capacity as Commissioner of the Alabama Public Service Commission, <br>         Defendants, <br> <br> and <br> <br> ALABAMA POWER COMPANY, <br> <br>         Intervenor-Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   CASE NO. 2:21-CV-00469-MHT-SMD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' REPLY TO ALABAMA POWER'S RESPONSE TO PLAINTIFFS' NOTICE OF INTENT**

Plaintiffs Bankston, Pfeiffer, Johnston, Thorne and GASP ("Plaintiffs") submit this Reply to the Response of Alabama Power Company ("Alabama Power") to Plaintiffs' Notice of Intent to File a Supplemental Petition for Enforcement with FERC and Amend Complaint (Doc. 69).

Alabama Power is correct that Plaintiffs have notified the Court that they propose to file a *supplemental* petition for enforcement with the Federal Energy Regulatory Commission

("FERC") to address Revision Seventh to Rate Rider RGB. Alabama Power claims this course "departs from the options discussed during the oral argument on the motions to dismiss . . . on February 8, 2023." (Doc. 69 at 1). This assertion is not correct. The possibility of Plaintiffs supplementing their petition to FERC was discussed at length during the February 8 hearing. In fact, Plaintiffs' counsel informed the Court that there appears to be no binding rule or authority on whether a supplemental petition to FERC is necessary or appropriate here, where Revision Seventh was implemented by the Alabama Public Service Commission ("PSC") *after* Plaintiffs satisfied the jurisdictional pre-condition to filing this lawsuit under the Public Utility Regulatory Policies Act of 1978 ("PURPA") and filed the lawsuit, particularly where the back-up service charges—which are the basis for Plaintiffs' claims—were carried forward verbatim to Revision Seventh and remain in effect.[1] During the hearing, Alabama Power indicated that despite a lack of controlling authority, it would contest any amendment to the Complaint to address Revision Seventh unless Plaintiffs first petition FERC, even though Revision Seventh does not change Plaintiffs' claims in any way. Confronted with that uncertainty, created by the PSC's post-complaint revision, Plaintiffs' proposed to file a supplemental petition with FERC in an effort to avoid additional and unnecessary procedural arguments.

In its Response, Alabama Power goes even further than it did at the hearing, arguing for the immediate dismissal of this case (Doc. 69 at 4), even though it never asserted such grounds for dismissal in its motion to dismiss (Docs. 36, 37). As Plaintiffs understand it, Alabama Power is arguing for a bright-line rule that when a revision like Revision Seventh is passed after a

---

[1] Nothing about the challenged back-up service charges—including Alabama Power's methodology, analysis, and calculations—has changed with the PSC's approval of Revision Seventh. The charges are still based on the same evidentiary materials cited by Plaintiffs in their first petition for enforcement with FERC and in their Complaint.

2

complaint is filed and jurisdiction has been established, the plaintiff still must restart the entire challenge process by petitioning FERC to enforce and then filing a new lawsuit if it chooses not to enforce. Alabama Power cites no language in the text of PURPA or its implementing rules, or any case law, for this proposition. If Alabama Power's interpretation of PURPA were accepted, meritorious claims could be continuously mooted or nullified and claimants forced to restart of the entire process due to implementation of any slight revision—even where, as here, the revision does not change the provisions giving rise to the claims. Such a rule would allow unchecked gamesmanship by regulators and utilities and would frustrate the purpose of the statute.

There is no dispute that Plaintiffs satisfied the PURPA jurisdictional prerequisite of filing a petition for enforcement with FERC prior to filing this lawsuit. Plaintiffs have already petitioned for enforcement for all claims they assert in this case. A procedural morass has been created by Alabama Power and the PSC revising Rate Rider RGB *after* jurisdiction over Plaintiffs' claims had been established. The question is what Plaintiffs are required to do, if anything, to amend the factual allegations of the Complaint—not the legal claims—to include the revision. As shown below, none of the cases cited by Alabama Power speak to the issue or support dismissal of any claims.

Alabama Power cites multiple cases that address the requirements in PURPA § 210(h)(2)(B); 16 U.S.C. § 824a-3(h)(2)(B). The cases stand for the general proposition that a party must petition for enforcement with FERC before filing the type of PURPA implementation challenge asserted in this case. In the cases cited by Alabama Power, the plaintiffs never filed a petition for enforcement with FERC prior to filing a lawsuit. *See Allco Fin. Ltd. v. Klee*, 805 F.3d 89, 97-99 (2d Cir. 2015) (holding that plaintiff who never filed a petition for enforcement

with FERC prior to filing the lawsuit failed to exhaust its administrative remedies); *Niagara Mohawk Power Corp. v. FERC*, 306 F.3d 1264, 1270 (2d Cir. 2002) (same).[2] That is not what happened in this case—here there is no issue of exhausting remedies or meeting jurisdictional pre-conditions prior to filing suit. Alabama Power's cases simply do not address the scenario in which implementation of a post-complaint revision may require the filing of a subsequent petition for enforcement with FERC and an amended complaint.[3]

Plaintiffs have located no Eleventh Circuit authority on the issue of filing supplemental petitions for enforcement post-complaint, but the Ninth Circuit has held that a post-complaint petition for enforcement satisfies the statutory exhaustion requirement. In *Solutions for Utilities v. California Public Utilities Commission*, Plaintiff CARE petitioned FERC to bring an enforcement action on January 28, 2011. On March 17, 2011, FERC declined to do so. CARE filed its lawsuit on June 10, 2011. On July 9, 2011, CARE petitioned FERC again to bring an enforcement action. CARE filed its First Amended Complaint on August 10, 2011, while the second petition for enforcement was pending. FERC declined to bring an enforcement action *after* the First Amended Complaint was filed, on September 12, 2011. *Sols. for Utils., Inc. v. Cal. Pub. Utils. Comm'n*, No. CV 11-04975 SJO (JCGx), 2012 WL 12919409, at *5-6 (C.D. Cal. Feb. 13, 2012), *rev'd*, 596 F. App'x 571 (9th Cir. 2015). Thus, the FERC petition for enforcement process had not concluded when the operative complaint was filed. The district

---

[2] Alabama Power also cites *Power Resource Group, Inc. v. Public Utility Commission of Texas*, which generally describes PURPA's statutory scheme and the requirement to file a petition for enforcement with FERC prior to filing suit in federal court. 422 F.3d 231, 235 (5th Cir. 2005).
[3] The other, non-PURPA cases cited by Alabama Power are also inapt. In those cases, which were brought under the Federal Prisoner Litigation Reform Act and the Federal Torts Claims Act, the plaintiffs failed to exhaust their administrative remedies prior to filing their lawsuit. They do not deal with a situation in which plaintiffs complied with jurisdictional prerequisites and exhausted their administrative remedies, and then proposed to amend their complaint due to a factual change that occurred after the filing of the lawsuit.

court dismissed the lawsuit, finding that Plaintiffs did not exhaust their administrative remedies because the complaint predated FERC's denial of the petition for enforcement. The Ninth Circuit reversed the district court, stating:

> CARE fulfilled the requirement to exhaust administrative remedies. It petitioned for enforcement, and the Federal Energy Regulatory Commission did not initiate an enforcement action within 60 days. The statute does not forbid "activating" a premature complaint when there is a proper petition and no action within 60 days. *See* 16 U.S.C. § 824a-3(h)(2)(B). Therefore, the district court erred. This claim is remanded for further proceedings.

*Sols. for Utils., Inc.*, 596 F. App'x at 572. As the Ninth Circuit correctly observed, the text of PURPA does not say that the denial for a petition for enforcement must occur before a complaint, or an amended complaint can be filed—it merely requires that the petition be asserted at some point and that FERC decline to enforce. This case is the most analogous authority to the present case. Applying that ruling here, Plaintiffs can file a second, supplemental petition for enforcement and amend the existing complaint without impacting jurisdiction in this case, as long as there is a proper petition and FERC takes no enforcement action within 60 days.

Similarly, in *Winding Creek Solar LLC v. Peevey*, the plaintiffs, out of caution and *after* filing its lawsuit in federal court, filed a second petition for enforcement with FERC. Joint Case Management Statement and [Proposed] Order at 1, *Winding Creek Solar LLC v. Peevey*, No. 3:13-cv-04934-JD (N.D. Cal. May 20, 2015). The Court did not address any argument about the second petition impacting jurisdiction, but it retained jurisdiction following the filing of the second petition and FERC's subsequent decision not to act and eventually granted summary

judgment in favor of the plaintiff. *Winding Creek Solar LLC v. Peevey*, 293 F.Supp.3d 980 (N.D. Cal. 2017).[4]

Unlike in the cases cited by Alabama Power, Plaintiffs complied with the jurisdictional prerequisites of PURPA § 210(h)(2)(B) prior to filing their Complaint. Now, Plaintiffs propose to file a supplemental petition for enforcement with FERC addressing the Revision Seventh, which the PSC approved after the lawsuit was filed, and which Plaintiffs assert has no bearing on the claims or relief requested as the back-up service charges have not changed. In addition, Plaintiffs' proposal is intended to avoid further delay and decrease the number of litigated issues before this Court. As addressed in *Solutions for Utilities*, filing a post-complaint petition satisfies PURPA's exhaustion requirement, even if Plaintiffs filed an amended complaint *prior* to filing the petition for enforcement. *See* 596 F. App'x at 572.

Finally, Alabama Power has not filed a motion to dismiss Plaintiffs' action for failure to exhaust administrative remedies but has instead filed a Response to Plaintiffs' Notice. *See Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss . . . ."). Because it has not filed any motion to dismiss, Plaintiffs have not had an opportunity to brief the issue other than in this short Reply. Further, Alabama Power's exhaustion argument is not ripe at this time given that Plaintiffs have not filed a supplemental petition for enforcement with FERC or an amended complaint.

---

[4] In its summary judgment order, the court also held that there was no administrative exhaustion bar where the plaintiff later raised a challenge to a program that was not initially challenged, because the defendants raised the issue in opposition to plaintiff's motion for summary judgment. The court stated: "[t]he Standard Contract is not a program [plaintiff] affirmatively challenged in the first instance. Rather, it became an issue in the case—and plaintiff raised a challenge to it—only because defendants put the program forward in opposition to [plaintiff's] summary judgment motion." *Winding Creek Solar LLC v. Peevey*, 293 F.Supp.3d 980, 993 (N.D. Cal. 2017).

Respectfully submitted this 24th day of February, 2023.

/s/ Christina A. Tidwell
Christina A. Tidwell (ASB-9696-D10R)
Barry A. Brock (ASB-9137-B61B)
Southern Environmental Law Center
2829 Second Avenue S., Ste. 282
Birmingham, AL 35233
Tel.: (205) 745-3060
Email: ctidwell@selcal.org
      bbrock@selcal.org

Frank Holleman *(admitted pro hac vice, NC bar no. 43361)*
Southern Environmental Law Center
525 East Bay Street, Suite 200
Charleston, SC 29403
Tel.: (843) 720-5270
Email: fholleman@selcsc.org

Maia Hutt *(admitted pro hac vice, NC bar no. 53764)*
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
Tel.: (919) 967-1450
Email: mhutt@selcnc.org

*Attorneys for Plaintiffs Mark Johnston, Teresa K. Thorne and GASP, Inc*

/s/ Clay Ragsdale
Clay Ragsdale (ASB-0308-A62R)
Allison Riley (ASB-0594-E28M)
Ragsdale LLC
517 Beacon Parkway W.
Birmingham, AL 35209
Tel.: (888)727-1087
Email: clay@ragsdalellc.com
      allison@ragsdalellc.com

*Attorneys for Plaintiffs James H. Bankston, Jr. and Ralph B. Pfeiffer, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by electronic filing on this 24th day of February, 2023:

*Attorneys for the Alabama*
*Public Service Commission*:
Luther D. Bentley IV
Email: luke.bentley@psc.alabama.gov
V. Chad Mason, Jr.
Email: chad.mason@psc.alabama.gov
ALABAMA PUBLIC SERVICE COMMISSION
100 North Union Street
RSA Union Building, Suite 802
Montgomery, Alabama 36104
Tel.: (334) 242-5200

*Attorneys for Intervenor-Defendant*
*Alabama Power Company*:
David R. Boyd
Email: dboyd@balch.com
Aria B. Allan
Email: aallan@balch.com
BALCH &BINGHAM LLP
105 Tallapoosa St., Suite 200
Montgomery Alabama 36104
Tel.: (334) 269-3159
Facsimile: (334) 269-3115

Scott Borden Grover
Email: sgrover@balch.com
Jason B. Tompkins
Email: jtompkins@balch.com
BALCH &BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Tel.: (205) 226-8781
Facsimile: (205) 488-5448

    /s/ Christina A. Tidwell
    *Of Counsel*