# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JAMES H. BANKSTON, JR.; RALPH B. PFEIFFER, JR.; MARK JOHNSTON; TERESA K. THORNE; and GASP, INC., | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| ALABAMA PUBLIC SERVICE COMMISSION; TWINKLE ANDRESS CAVANAUGH, in her official capacity as President of the Alabama Public Service Commission; JEREMY H. ODEN, in his official capacity as Commissioner of the Alabama Public Service Commission; and CHRIS V. BEEKER, III, in his official capacity as Commissioner of the Alabama Public Service Commission, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Case No.: 2:21-cv-469-RAH-SMD** |
| Defendants, | )<br>) |
| And | ) |

**ALABAMA POWER COMPANY,**
　　Intervenor-Defendant.

## **REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Rule 26(f) Order, Doc. 97, counsel for the parties submit the following report of their planning meeting:

1. The following persons participated in a Rule 26(f) conference on October 16, 2024, via videoconference:

    Christina Tidwell, Barry Brock and Clay Ragsdale for Plaintiffs
    Luke Bentley and Chad Mason for Defendants
    Dave Boyd, Scott Grover and Tripp DeMoss for Intervenor Defendants

2. Initial Disclosures. The parties will complete by November 18, 2024 the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The parties propose the following discovery plan:

    a. Discovery will be needed on these subjects:

        i. Plaintiffs' allegations as set forth in the Second Amended Complaint (Doc. 76).

        ii. Defendants' answers and defenses to the allegations of the Second Amended Complaint (Doc. 100); and

        iii. Intervenor's answers and defenses to the allegations of the Second Amended Complaint (Doc. 101).

    **Plaintiffs' Position:**

    The Defendants and Intervenor-Defendant requested that the parties include statements in this report about the Plaintiffs' right to discovery. Plaintiffs see no need for such statements here, or for a conference with the Court on the issue of discovery. The parties should simply set a discovery timeline, then propound discovery and lodge objections in the normal manner. The Defendants and Intervenor-Defendant take the odd position that the parties should establish a discovery schedule in this report, submit it to the Court,

then participate in a conference to debate Plaintiffs' right to conduct *any* discovery. This process is unnecessary and a waste of judicial resources at the planning stage.

In response to Defendants and Intervenor's positions stated below, discovery is necessary for factual development in this enforcement action under the Public Utility Regulatory Policies Act, like any other case. There is no legal basis for preemptively prohibiting discovery. This action is not an appeal of a state administrative proceeding, but a federal action challenging the Defendants' compliance with federal law. Plaintiffs are not limited to the record in the state administrative proceeding and are entitled to conduct discovery.

At this point, the Defendants have not produced even the administrative record that they argue—without support—is the "totality of the discoverable information in this case." In fact, the Defendants and Intervenor-Defendant have not produced any documents or other discovery in this case beyond the documents made exhibits to their motions to dismiss, which were denied by the Court. Without discovery, Plaintiffs cannot ensure that they have all the information relevant to their claims.

Further, in the Order denying the motions to dismiss, Doc. 96, Judge Thompson stated that discovery was necessary in this case, specifically with regard to the meaning of key term "backup power," which is the basis of the charge at issue: "As the court has questions about the meaning of backup power that could be elucidated by factual development or expert testimony, the court exercises its discretion to carry this issue with the case." *Id.* at 34. Judge Thompson also stated that "the court will delve into factual scrutiny once the facts have been further developed." *Id.* at 37 n.8.

Defendants and Intervenor-Defendant's effort to preclude discovery is unwarranted. They will have the opportunity to object to any discovery requests they deem improper under the Federal Rules of Civil Procedure. But at this time, Defendants and Intervenor-Defendant have not received any discovery requests and do not know

3

if any discovery requests by Plaintiffs will be objectionable. Finally, the Defendants and Intervenor-Defendant's prediction that the case could be resolved by dispositive motion is wholly speculative and unnecessary to the task of completing a planning meeting report.

**<u>Defendant and Intervenor Defendants' Position</u>**:

For clarity, the position of Defendants and Intervenor-Defendants is that the administrative record underlying the order of the Commission being challenged in this case represents the totality of discoverable information in this case, which is already available for production in its entirety. The administrative record, which reflects the participation of some of the Plaintiffs in this case, includes: discovery, motions, pre-filed testimony, procedural rulings, the transcript from the hearing, briefs of the parties, and the final order of the Commission.

Put differently, Defendants and Intervenor-Defendants state that it is unclear exactly what other discovery could produce relevant information. Given that overriding concern, while in principle Defendants and Intervenor-Defendants would not necessarily object to use of the dates set forth in this report should the Court deem discovery necessary, resolution of this preliminary issue could make any discovery schedule moot or significantly limited, and in any event may delay all dates listed in this report.

Defendants and Intervenor-Defendants both agree that this case could be resolved on dispositive motions within a short period of time, based on the current evidentiary record alone.

Defendants and Intervenor-Defendants would respectfully request a meeting/status conference with the Court before a scheduling order is issued, in order to provide the Court with a fuller explanation of their position with respect to discovery.

Thus, any dates listed below are subject to this preliminary objection, unless stated otherwise.

b. Discovery will commence on November 19, 2024, and shall be complete by May 6, 2025.

c. Each party may serve a maximum of 25 interrogatories and 30 requests for production of documents on each other party, and answers to such interrogatories and requests for production shall be due within thirty (30) days of service of the interrogatories and requests for production of documents on the other party—except when such period is modified by the applicability of Rule 6(d). This is proportional to the needs of the case considering the factors in Rule 26(b)(1).

d. Each party may serve a maximum of 25 requests for admission, and responses to such requests shall be due within thirty (30) days of service of the request on the other party except when such period is modified by the applicability of Rule 6(d). This is proportional to the needs of the case considering the factors in Rule 26(b)(1).

e. Each party may take a maximum of eight (8) depositions without leave of Court. This is proportional to the needs of the case considering the factors in Rule 26(b)(1).

f. Each deposition is limited to one day of seven (7) hours unless otherwise stipulated by the parties or ordered by the Court in accordance with Rule 30(d)(1).

g. In accordance with Rule 26(a)(2), disclosures of the identity of any witness a party may use at trial to present evidence under Fed. R. Evidence 702, 703, and 705 shall be made by Plaintiffs no later than March 3, 2025, Defendant and Intervenor shall make their disclosures within thirty (30) days after service of Plaintiffs' disclosures, and any party shall make their rebuttal disclosures within fourteen (14) days after service of Defendant and Intervenor's disclosures except when such period is modified by the applicability of Rule 6(d); and, for all parties, such disclosures shall be made by way of reports of expert witnesses who must

      provide a written report in compliance with Rule 26(a)(2)(B) and by disclosures in compliance with Rule 26(a)(2)(C) for witnesses who are not required to provide a written report.

   h. Supplementations under Rule 26(e) shall be provided no later than April 21, 2025.

4. Other Items:

   a. Meeting with Court

      **Plaintiffs' Position:**
      Plaintiffs do not request a meeting with the Court before a scheduling order is entered.

      **Defendant/Intervenor Defendant's Position:**
      Intervenor-Defendants would request a meeting/status conference with the Court before a scheduling order is issued, in order to provide the Court with a fuller explanation of their position with respect to discovery, as set forth in paragraph 3 above.

   b. The parties request that a pretrial conference be scheduled for October 3, 2025.

   c. The final date by which parties must amend pleadings or join parties is January 6, 2025 (with leave to request an extension of discovery and subsequent deadlines if necessary to allow further discovery related directly to any such amendment).

   d. Dispositive motions must be filed no later than June 5, 2025.

   e. Mediation: The parties are cognizant of the Court's Rule 26(f) Order regarding mandatory mediation, either by a private mediator or a United States Magistrate Judge. The Defendants and Intervenor-Defendants recognize potential challenges in mediating this particular matter. This subject could also be addressed in a preliminary meeting/status conference with the Court. Defendants

and Intervenor-Defendants would therefore respectfully request that the Court delay any order on mediation until it has been addressed with the Court at such meeting or hearing. Plaintiffs do not request a conference with the Court on this issue and instead request that a mediation date be provided in the planning report, consistent with the Court's Order, and Defendants and Intervenor-Defendant can file their objections or explanations as to why they allegedly cannot comply.

f. Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition and exhibit lists are due no later than forty-two (42) days prior to trial.

g. <u>Electronically stored information</u>: The Parties agree to electronic service of discovery. Pursuant to Rule 34(b)(2)(E), parties agree that when producing the requested documents, including electronically stored information (ESI), parties will produce such documents or ESI as they are kept in the usual course of business and will organize and label them to correspond to the categories in the request. Documents will be produced in their native formats such as DOCX, XLSX, PPTX, PST, and other older Office formats, Adobe PDF, and image formats like JPG, TIFF or BMPs.

h. <u>Clawback Agreement</u>: The Parties agree that documents or other discovery materials that are produced and contain privileged information or attorney work product shall be immediately returned to the original sender if the documents or materials appear on their face to have been inadvertently produced. Furthermore, the production of any document or other discovery material by a party shall be without prejudice to any claim that the material is privileged or protected from discovery as work product under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and no party shall be held to have waived any rights of privilege or work product by such production. A party who produces material or information without intending to waive a claim of privilege does not waive that claim under the Federal Rules of Civil Procedure or the Federal Rules of Evidence if within thirty (30) days after the producing party actually discovers that such production was made the producing party notifies the other

    party in writing identifying the material or information produced and stating the privilege asserted.  Upon receipt of the timely notification, the receiving party must promptly return the specified material or information and any copies pending any ruling by the Court denying the privilege. If the producing party complies with the requirements of this provision, any inadvertent disclosure described above will not act as a waiver of privilege or protection in this case or in any other federal or state proceeding. This Order will be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and nothing herein shall be construed as limiting the applicability or substantive provisions of Federal Rule of Evidence 502.

i. <u>Service</u>: The parties agree that any papers for which service is required under Rule 5(a) of the Fed. R. Civ. P. may be served by electronic mail on counsel for the party or parties being served. No hard copies of such papers need also be served. Except for correspondence between counsel, which may be in the body of an email, all papers served via email must be sent as attachments, and must be in writing and signed as required by any applicable rule or court order. Service by email must be made on each attorney of record for the party being served.

j. The parties shall have fourteen (14) days after service of final witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists to file objections under Rule 26(a)(3).

k. The case shall be ready for trial in Montgomery, Alabama on November 17, 2025.

l. Nothing in this report prevents any party from seeking modification of this report for good cause and with the Court's consent.

Respectfully submitted on this, the 21st day of October, 2024.

/s/ Christina A. Tidwell
Christina A. Tidwell (ASB-9696-D10R)
Barry A. Brock (ASB-9137-B61B)

Southern Environmental Law Center
2829 2nd Avenue South, Suite 282
Birmingham, AL  35233
Telephone: (205) 745-3060
Facsimile: (205) 745-3064
Email: ctidwell@selcal.org
      bbrock@selcal.org

Frank Holleman *(admitted pro hac vice, NC bar no. 43361)*
Southern Environmental Law Center
525 East Bay Street, Suite 200
Charleston, SC 29403
Tel.: (843) 720-5270
Email: fholleman@selcsc.org

Maia Hutt *(admitted pro hac vice, NC bar no. 53764)*
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
Tel.: (919) 967-1450
Email: mhutt@selcnc.org

*Attorneys For Plaintiffs GASP, Inc., Mark Johnston and Teresa K. Thorne*


/s/ Clay Ragsdale
Clay Ragsdale (ASB-0308-A62R)
Allison Riley (ASB-0594-E28M)
Ragsdale LLC
517 Beacon Parkway W.
Birmingham, AL  35209
Telephone: (888) 727-1087
Email: clay@ragsdalellc.com
      allison@ragsdalellc.com

*Attorneys For Plaintiffs James H. Bankston, Jr. and Ralph B. Pfeiffer, Jr.*

/s/ Luther D. Bentley IV
Luther D. Bentley IV (ASB-9981-R48B)
V. Chad Mason, Jr. (ASB-1331-Y21E)
ALABAMA PUBLIC SERVICE COMMISSION
100 North Union Street
RSA Union Building, Suite 802
Montgomery, Alabama 36104
Telephone: (334) 242-5200
Email: luke.bentley@psc.alabama.gov
      chad.mason@psc.alabama.gov

*Attorneys for Defendants Alabama Public Service Commission, Twinkle Andress Cavanaugh, Jeremy H. Oden, Chris V. Beeker, III*


/s/ David R. Boyd
BALCH & BINGHAM LLP
David R. Boyd (ASB-0717-D52D)
Tripp DeMoss (ASB-1925-G23T)
445 Dexter Avenue, Suite 8000
Montgomery, Alabama 36104
Telephone: (334) 269-3123
Email: dboyd@balch.com
      tdemoss@balch.com

Scott B. Grover (ASB-3661-066G)
Jason B. Tompkins (ASB-3737-N72T)
1710 Sixth Avenue North
Birmingham, Alabama 35203-2015
Telephone: (205) 226-8781
Email: sgrover@balch.com
      jtompkins@balch.com

*Attorneys for Intervenor-Defendant Alabama Power Company*

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on October 21, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

                                                /s/ Christina A. Tidwell
                                                Christina A. Tidwell
                                                *Of Counsel*