## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## MONTGOMERY DIVISION

JAMES H. BANKSTON, JR., et al.,    ]
                                    ]
    **Plaintiffs,**                     ]
                                      ]
**v.**                                 ]       **2:21-cv-469-ACA-SMD**
                                    ]
**ALABAMA PUBLIC SERVICE**    ]
**COMMISSION, et al.,**             ]
                                    ]
    **Defendants.**                 ]

## ORDER

On review of the case after reassignment to the undersigned, the court
**ORDERS** Plaintiffs James Bankston, Jr., Ralph Pfeiffer, Jr., Mark Johnston, Teresa
Thorne, and GASP, Inc., to replead the amended complaint in conformity with
Federal Rules of Civil Procedure 8(a)(2) and 10(b), as well as the Eleventh Circuit's
instructions about properly pleading a complaint.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of
the claim showing that the pleader is entitled to relief." And Rule 10(b) requires a
party to "state its claims or defenses in numbered paragraphs, each limited as far as
practicable to a single set of circumstances. . . . If doing so would promote clarity,
each claim founded on a separate transaction or occurrence . . . must be stated in a
separate count or defense." The Eleventh Circuit has explained that pleadings "that

violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Shotgun pleadings fall into "four rough types or categories." *Id.* at 1323. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is one that does "not separat[e] into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. And the fourth type of complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

The Eleventh Circuit has repeatedly and vehemently condemned shotgun pleadings. *See Estate of Bass v. Regions Bank*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) ("As of 2008, [the Eleventh Circuit] had explicitly condemned shotgun pleadings upward of fifty times.") (quotation marks omitted); *see also Weiland*, 792 F.3d at 1321 (stating that as of 2015, the Eleventh Circuit had published more than sixty opinions about shotgun pleadings). The Court strongly encourages "a district

2

court that receives a shotgun pleading [to] . . . instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Estate of Bass*, 947 F.3d at 1358.

The complaint here is a shotgun pleading of the first type. Each of the three counts incorporates every preceding paragraph. (Doc. 76 ¶¶ 52, 76, 89). In addition, the counts do not specify whether all plaintiffs bring each claim against each defendant, or whether certain claims are specific to certain plaintiffs or defendants. (*See id.*). Accordingly, the court **ORDERS** Plaintiffs to replead in conformity with Rules 8(a)(2) and 10(b) and the Eleventh Circuit's instructions about pleading a complaint. *See, e.g.*, *Weiland*, 792 F.3d at 1320. In particular, each count must identify the plaintiff(s) bringing the claim, the defendant(s) against whom the claim is asserted, and reference to the specific paragraphs from the "Factual Background" section that support the claim. Plaintiffs must file the amended complaint **on or before November 20, 2024**.

**DONE** and **ORDERED** this November 6, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE