IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES H. BANKSTON, JR.; RALPH B. PFEIFFER, JR.; MARK JOHNSTON; TERESA K. THORNE; and GASP, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | Case No. 2:21-CV-00469-ACA-SMD |
| ALABAMA PUBLIC SERVICE COMMISSION; TWINKLE ANDRESS CAVANAUGH, in her official capacity as President of the Alabama Public Service Commission; JEREMY H. ODEN, in his official capacity as Commissioner of the Alabama Public Service Commission; and CHRIS V. BEEKER, III, in his official capacity as Commissioner of the Alabama Public Service Commission, | |
| Defendants, | |
| And | |
| ALABAMA POWER COMPANY, | |
| Intervenor-Defendant. | |

**APSC POSITION ON SCOPE OF DISCOVERY**

COME NOW Defendants Alabama Public Service Commission ("APSC"); President Twinkle Andress Cavanaugh, in her official capacity as President of the

1

APSC; Commissioner Jeremy H. Oden, in his official capacity as Commissioner of the APSC; and Commissioner Chris V. Beeker, III, in his official capacity as Commissioner of the APSC, (collectively "Defendants") and provide their position on the scope of discovery in accordance with the Court's order of December 5, 2024.

## SUMMARY OF POSITION

Discovery in this matter should be limited to the information before the APSC in its proceeding to consider the electricity rate that is the subject of the Third Amended Complaint ("Complaint") (Doc. 116). That information is comprised of the administrative record of that rate proceeding and the related discovery. Additional discovery would not produce any new information that would be relevant to the claims in the Complaint or to any defenses. Further, the expense and burden of additional discovery outweighs any benefit.

## SUBJECT OF THIRD AMENDED COMPLAINT

Plaintiffs assert that the Defendants failed to implement the Public Utility Regulatory Policies Act by allowing Alabama Power Company ("Alabama Power") to charge discriminatory rates for back-up power service to Plaintiffs. Doc. 116 at ¶ 1. Those rates are included in an APSC-approved tariff referred to as *Rate Rider RGB (Supplementary, Back-Up, or Maintenance Power* ("Rate Rider RGB"). Doc. 116 at n. 4. The complained-of rates in Rate Rider RGB are the product of an administrative proceeding that followed a complaint filed by some of the plaintiffs

2

in this case.[1] That proceeding, which included discovery and a hearing, resulted in the APSC's approval of Revision Sixth of Rate Rider RGB. Doc. 116 at ¶ 46. Revision Seventh of Rate Rider RGB is now the effective rate, but it carries forward the same back-up power service charges set out in Revision Sixth. Doc. 116 at ¶ 51.

## INFORMATION PROVIDED TO PLAINTIFFS

On December 10, 2024, the APSC provided Plaintiffs' counsel and Intervenor-Defendants' counsel with USB drives containing the administrative record from the APSC proceedings related to the approval of Revision 6th of Rate Rider RGB.[2] The administrative record on the USB drives contained both the public record with some redacted documents (Bates numbered APSC00001 through APSC01097) and the unredacted version of the confidential information in the administrative record, including spreadsheets in Excel format. Counsel for Alabama Power later provided a Bates numbered version of the provided confidential information (Bates numbered APSC01098 through APSC01490). After reviewing this information, Plaintiffs' counsel sent the APSC a list of documents that they thought should have been included in the administrative record (to include filings

---

[1] On or about April 26, 2018, some of the Plaintiffs in this case (Bankston, Pfeiffer, and GASP) filed a complaint against Alabama Power with the APSC pursuant to Alabama Code § 37-1-83. Doc. 116 at ¶ 36. That complaint alleged that Rate Rider RGB (5th Revision) was "unfair, unreasonable, unjust, discriminatory, contrary to the public interest and otherwise unlawful." *Id*.

[2] Because some of the Plaintiffs in this case participated in the proceeding before the APSC, counsel for Plaintiffs likely already possess (or have access to) the administrative record and related discovery.

3

and orders related to the approval of Revision 7th of Rate Rider RGB). That additional information (Bates numbered APSC01491 through APSC01613) was provided, via e-mail, to Plaintiffs' counsel and Intervenor-Defendants' counsel on January 2, 2025. If Plaintiffs' counsel believe they are missing any information from the administrative record, the undersigned will continue to work with them to identify and provide that information.

On January 3, 2025, the APSC provided, via email, to Plaintiffs' counsel and Intervenor-Defendants' counsel the discovery from the rate proceeding that was not made part of the administrative record. This is comprised of the Staff's First Data Request (dated June 29, 2018, Bates numbered APSC01614 through APSC01619) and Alabama Power's Response to the First Data Request (dated July 20, 2018, Bates numbered APSC01620 through APSC01632). If Plaintiffs' counsel believe they are missing any discovery from the rate proceeding, the undersigned will continue to work with them to identify and provide that information.

## **RULE**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The Eleventh Circuit Court of Appeals has recognized that the district courts have "broad authority to control the scope of discovery." *Josendis v. Wall to Wall Residence Repairs Inc.*, 662 F.3d 1292, 1307 (11th Cir. 2011).

## POSITION

Discovery should be limited to the information before the APSC in its proceeding to consider the back-up charges in Rate Rider RGB—the subject of the Complaint. That information includes both the administrative record (portions of Dockets No. 32767 and U-4226) and the discovery related to that proceeding.[3] The bases for the limits on discovery are as follows:

First, additional discovery would not produce any new information that would be relevant to the claims (three counts). All APSC information relevant to these claims can be found in the administrative record of the proceedings related to the contested rates.[4] In Count 1, Plaintiffs assert that the back-up charges are discriminatory because the APSC did not consider the appropriate evidence during

---

[3] As stated above, the APSC has provided the other parties with the complete administrative record of the proceeding before the APSC and the related discovery that was not part of the administrative record.

[4] The purpose of such proceedings before the APSC is to set fair, non-discriminatory rates based on the evidence. *See* Ala. Code §§ 37-1-80 and 37-1-83.

5

its proceedings. Doc. 116 at ¶ 73 (stating the rates were not based on "consistent systemwide costing principles"). The only relevant evidence to resolve this issue of whether the APSC considered appropriate evidence is found in the administrative record. In Count 2, Plaintiffs assert that the APSC approved rates to be charged for an unrequested and unneeded service. Doc. 116 at ¶ 88. The issue in Count 2 is a legal issue (the interpretation of the definition of back-up power) and therefore can also be resolved without the need for additional discovery. In Count 3, Plaintiffs assert that the back-up charges are discriminatory because the APSC's rate approval was based on "factually unsupported assumptions." Doc. 116 at ¶ 99. Like with Count 1, the only relevant evidence to resolve this issue of whether the APSC considered appropriate evidence is found in the administrative record.

Second, the expense and burden of additional discovery outweighs any benefit. Since additional discovery would produce no new relevant information to the claims or defenses, there would be no benefit to additional discovery. On the other hand, if additional discovery is allowed, Commissioners and Staff would certainly incur the burden of providing redundant or irrelevant information. Further, to the extent that Plaintiffs seek intra-agency communications regarding the approved rates, that information may cause confusion and is likely protected under the deliberative process privilege. *See Moye, O'Brien, O'Rourke, Hogan & Pickert v. AMTRAK*, 376 F.3d 1270, 1277 (11th Cir. 2004) (recognizing that the privilege

protects against confusion that could result from disseminating documents that suggest a rational for a course of action which was not in fact the reason for the decision).

## **CONCLUSION**

Defendants respectfully request this Court issue an order that limits the scope of discovery to the information before the APSC in its proceeding to consider the electricity rate that is the subject of the Third Amended Complaint. That information is comprised of the administrative record of that rate proceeding and the related discovery.

Respectfully submitted this 3rd day of January 2025.

/s/ Luther D. Bentley IV
Luther D. Bentley IV (ASB-9981-R48B)
V. Chad Mason, Jr. (ASB-1331-Y21E)
Attorneys for Defendants
100 N. Union Street
Montgomery, Alabama 36104
(334) 242-5200
luke.bentley@psc.alabama.gov
chad.mason@psc.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Christina A. Tidwell
Barry A. Brock
Southern Environmental Law Center
2829 2nd Avenue South, Suite 282
Birmingham, Alabama 35205
ctidwell@selcal.org
bbrock@selcal.org
Attorneys for Plaintiffs GASP, Inc., Mark Johnston, and Teresa K. Thorne

Maia Hutt
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
mhutt@selcnc.org
Attorney for Plaintiffs GASP, Inc., Mark Johnston, and Teresa K. Thorne

Clay Ragsdale
Allison Riley
Ragsdale LLC
517 Beacon Parkway W.
Birmingham, Alabama 35209
clay@ragsdalellc.com
allison@ragsdalellc.com
Attorneys for Plaintiffs James H. Bankston, Jr. and Ralph B. Pfeiffer, Jr.

David R. Boyd
Trip DeMoss
Balch & Bingham LLP
105 Tallapoosa St., Suite 200
Montgomery, AL 36104
dboyd@balch.com
tdemoss@balch.com
Attorneys for Intervenor-Defendant Alabama Power

Scott Borden Grover
Jason B. Tompkins
Balch & Bingham LLP
105 Tallapoosa St., Suite 200
Montgomery, AL 36104
sgrover@balch.com
jtompkins@balch.com
Attorneys for Intervenor-Defendant Alabama Power

/s/ Luther D. Bentley IV
Luther D. Bentley IV