# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **JAMES H. BANKSTON, JR.;** | ) | |
| **RALPH B. PFEIFFER, JR.;** | ) | |
| **MARK JOHNSTON;** | ) | |
| **TERESA K. THORNE;** | ) | |
| **and GASP, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ALABAMA PUBLIC SERVICE** | ) | |
| **COMMISSION; TWINKLE** | ) | |
| **ANDRESS CAVANAUGH, in her** | ) | |
| **official capacity as President of the** | ) | |
| **Alabama Public Service** | ) | |
| **Commission; JEREMY H. ODEN,** | ) | **Case No.: 2:21-cv-469-ACA-SMD** |
| **in his official capacity as** | ) | |
| **Commissioner of the** | ) | |
| **Alabama Public Service** | ) | |
| **Commission; and CHRIS "CHIP"** | ) | |
| **BEEKER, in his official capacity as** | ) | |
| **Commissioner of the Alabama** | ) | |
| **Public Service Commission,** | ) | |
| | ) | |
| **Defendants,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **ALABAMA POWER COMPANY,** | | |
| **Intervenor-Defendant.** | | |

## STATUS REPORT AND POSITION OF INTERVENOR-DEFENDANT ALABAMA POWER COMPANY RESPECTING THE SCOPE OF DISCOVERY FOR THIS PROCEEDING

1.      Pursuant to this Court's Order, (Doc. 114), Intervenor-Defendant Alabama Power Company ("Alabama Power" or "Company") respectfully submits the following status report and statement of its position respecting the appropriate scope of discovery for this proceeding:

2.      On December 23, 2024, pursuant to the Court's instruction, the Parties held a meet and confer to further discuss their respective views regarding the proper scope of discovery in this case. This meeting followed the December 13, 2024 delivery to local counsel for Plaintiffs of data drives containing Bates labeled copies of the public and non-public pleadings and exhibits from the Alabama Public Service Commission Docket Nos. 32767 and U-4226.  (Plaintiffs' counsel confirmed that they could arrange for copies to be provided to out-of-state counsel.)

3.      During the meeting, the parties agreed that a limited amount of additional discovery directed towards supplementing the administrative record before the Alabama Public Service Commission ("APSC") was appropriate and unobjectionable.  Particularly, the pleadings and exhibits provided on December 13 appeared to be missing certain items; a supplemental production was made to Plaintiffs on January 2 and January 3, 2025.

4.      Nevertheless, the parties continued to express disagreement about the appropriateness of broader discovery beyond the supplemented administrative

record.  As Alabama Power understands their position, Plaintiffs continue to be of the view that they hold all discovery rights in this proceeding as they would have in any other action in Federal Court, and disputes respecting the appropriateness of any specific discovery request can be addressed when that request is propounded.

3.      Alabama Power believes a more efficient approach is warranted.  The three counts in Plaintiffs' Third Amended Complaint (Doc. 116) each claim the underlying orders of the APSC violate the Public Utilities Regulatory Policies Act of 1978 ("PURPA").  Count I claims that the rate design for backup power approved by the APSC fails to comply with the requirements of PURPA, as implemented by the Federal Energy Regulatory Commission ("FERC").  Count II claims that the rate design for backup power approved by the APSC unlawfully treats supplementary power as backup power (both terms defined in Code of Federal Regulations, and expounded upon in FERC's implementing rulemaking).  Count III claims that that the rate design for backup power approved by the APSC made unsupported assumptions in contravention of a specific FERC regulation implementing PURPA.

4.      Each claim presents a strict legal question: do the underlying APSC orders violate PURPA and the FERC regulations, as alleged?  The only relief Plaintiffs seek is equitable.  Thus, the only relevant context for the orders, outside of the applicable legal principles, is the administrative record that underlies them.

3

5    It is unclear then exactly what other discovery could produce "relevant" information under Fed.R.Civ.P. 26 that would aid the resolution of a dispute over statutory and regulatory interpretation. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system."); *Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900 (7th Cir. 1994) ("The meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court.") (citations omitted)).

6.    Alabama Power's view of this case is not unique.  In reviewing cases filed under the statute by which Plaintiffs thus far have proceeded, several demonstrated an understanding by the parties involved as to the appropriateness of limited, if any, discovery given the legal nature of the dispute.  *See, e.g.*, *Great Divide Wind Farm 2, LLC, et al. v. Aguilar, et al.*, Case No. 1:19-cv-99 JB/CG, Joint Status Report and Provisional Discovery Plan (April 1, 2019) (noting potential discovery scope being limited to questions of harm) (attached hereto as "Exhibit 1"); *Franklin Energy Storage One, LLC, et al. v. Kjellander, et al.*, Case

No. 1:18-cv-236-REB, Litigation Pan (Aug. 28, 2018) (identifying the case for legal track treatment and flagging discovery items as "N/A") ("Exhibit 2"). And while some limited discovery appears to have been performed in *Allco Finance Limited et al v. Roisman et al.*, Case No. 2:20-cv-00103-MKL (*see* Doc. 86, Discovery Certificate), the exhibit list for Plaintiffs' motion for summary judgment ("Exhibit 3") identifies only orders or filings with the Vermont Public Utilities Commission (the regulatory authority involved in that case). Of note, like this proceeding, the other two matters identified above involved public utility commissions such as the APSC, (*i.e.*, *Great Wind Divide* involved the New Mexico Public Regulation Commission; *Franklin Energy Storage* involved the Idaho Public Utilities Commission).

7.     That is not to say that discovery in a case such as this always is unnecessary or has never been pursued. For example, non-regulated electric utilities also are subject to PURPA, and it may well be a municipal electric supplier has taken action for which discovery is needed, simply because an underlying administrative record does not exist. But here, with the claims at issue a more efficient course with little, if any, discovery is the proper way to go.

8.     Finally, Alabama Power would emphasize that discovery into alternative approaches to rate design is an impermissible avenue for exploration. No one questions that the regulation of retail sales of electricity are left to the

States.  *See, e.g., Hughes v. Talen Energy Mkt'g, LLC,* 136 S. Ct. 1288, 1292 (2016) ("[T]he law places beyond FERC's power, and leaves to the States alone, the regulation of 'any other sale'—most notably, any retail sale—of electricity." (quoting *FERC v. Elec. Power Supply Ass'n*, 136 S.Ct. 760, 766 (2016))); *Niagara Mohawk Power Corp. v. FERC,* 452 F.3d 822, 824 (D.C. Cir. 2006) ("States retain jurisdiction over retail sales of electricity … under rates set by a state's public service commission.").  Equally unassailable is the notion that there is no one way to design a rate.  "'Under the statutory standard of 'just and reasonable' it is the result reached not the method employed which is controlling.... It is not theory but the impact of the rate order which counts. If the total effect of the rate order cannot be said to be unjust and unreasonable, judicial inquiry … is at an end.'" *Ala. Metallurgical Corp., v. Alabama Public Service Comm'n*, 441 So.2d 565, 572 (Ala. 1983) (quoting *Federal Power Comm'n v. Hope Natural Gas Co.,* 320 U.S. 591, 602 (1944) (first ellipsis in original)); *cf. Emera Maine v. Federal Energy Regulatory Comm'n*, 854 F.3d 9, 23 (D.C. Cir. 2017) ("As long as the rate selected by the Commission is within the zone of reasonableness, FERC is not required "to adopt as just and reasonable any particular rate level.").

9.    Thus, as indicated above, the salient question before the Court is whether the underlying APSC orders violate PURPA and the FERC regulations, as alleged.  It is not whether the APSC could have done something different.  FERC

adopted regulations that gave states latitude in the manner by which it chose to implement the agency's regulations. *See FERC v. Mississippi*, 456 U.S. 742, 751 (1982). The path chosen need only be "reasonably designed to give effect to FERC's rules." *Id.* As informed by the underlying record and applicable law, the APSC's orders hold the answers to these questions.

10. Alabama Power respectfully offers that this case can and should be resolved on dispositive motions, based on the current evidentiary record consisting of the APSC's administrative record as recently supplemented, pending the issuance of a briefing order on dispositive motions from this Court.

Respectfully submitted on this, the 3rd day of January, 2025.

*/s/ David R. Boyd*
Attorney for Intervenor-Defendant
Alabama Power Company

**OF COUNSEL**:

David R. Boyd (ASB-0717-D52D)
Email dboyd@balch.com
Tripp DeMoss (ASB-1925-G23T)
Email: tdemoss@balch.com
BALCH & BINGHAM LLP
445 Dexter Ave., Suite 8000
Montgomery Alabama 36104
Tel.: (334) 269-3159
Facsimile: (334) 269-3115

Scott Borden Grover (ASB-3661-066G)
Email: sgrover@balch.com
Jason B. Tompkins (ASB-3737-N72T)
Email: jtompkins@balch.com
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Tel.: (205) 226-8781
Facsimile: (205) 488-5448

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by electronic filing on this, the 3rd day of January, 2025:

*Attorneys For Plaintiffs GASP, Inc., Mark Johnston and Teresa K. Thorne:*
Barry A. Brock
Christina A. Tidwell
Southern Environmental Law Center
2829 2nd Avenue South, Suite 282
Birmingham, AL  35233
Telephone: (205) 745-3060
Facsimile:  (205) 745-3064
Email: kjohnston@selcal.org
            ctidwell@selcal.org

*Attorneys For Plaintiffs GASP, Inc., Mark Johnston and Teresa K. Thorne:*
Frank S. Holleman, III *(admitted pro hac vice, NC bar no. 43361)*
Maia D. Hutt *(admitted pro hac vice, NC bar no. 53764)*
Southern Environmental Law Center
601 West Rosemary Street, Suite 220
Chapel Hill, NC 27516
Email: fholleman@selcnc.org
            mhutt@selcnc.org

*Attorneys For Plaintiffs James H. Bankston, Jr. and Ralph B. Pfeiffer, Jr.:*
Clay Ragsdale
Allison Riley
Ragsdale LLC
517 Beacon Parkway W.
Birmingham, AL  35209
Telephone: (888) 727-1087
Email: clay@ragsdalellc.com
            allison@ragsdalellc.com

8

24550459.1

*Attorneys for the Alabama Public Service Commission, Twinkle Andress Cavanaugh, Jeremy H. Oden, Chris "Chip" Beeker*:

Luther D. Bentley IV

V. Chad Mason, Jr.

ALABAMA PUBLIC SERVICE COMMISSION

100 North Union Street

RSA Union Building, Suite 802

Montgomery, Alabama 36104

Telephone: (334) 242-5200

Email: luke.bentley@psc.alabama.gov

        chad.mason@psc.alabama.gov


                                        */s/ David R. Boyd*

                                        Of Counsel

24550459.1