# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JAMES H. BANKSTON, JR.; RALPH B. PFEIFFER, JR.; MARK JOHNSTON; TERESA K. THORNE; and GASP, INC., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| ALABAMA PUBLIC SERVICE COMMISSION; TWINKLE ANDRESS CAVANAUGH, in her official capacity as President of the Alabama Public Service Commission; JEREMY H. ODEN, in his official capacity as Commissioner of the Alabama Public Service Commission; and CHRIS V. BEEKER, III, in his official capacity as Commissioner of the Alabama Public Service Commission, | )<br>)<br>)<br>)<br>)<br>) Case No.: 2:21-cv-469-ACA-SMD<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants, | ) |
| And | ) |
| ALABAMA POWER COMPANY, | ) |
| Intervenor-Defendant. | ) |

**JOINT STATUS REPORT**

The parties to the above action hereby file this Joint Status Report pursuant to this Court's Scheduling Order (Doc. 123):

A. **Nature of the Case**

Plaintiffs' Position: Plaintiffs Bankston, Pfeiffer, Johnston, Thorne, and GASP ("Plaintiffs") assert claims under § 210 of the Public Utility Regulatory Policies Act ("PURPA"), 16 U.S.C. § 824a–3, which was enacted to encourage the development of small power production facilities, like Plaintiffs' solar systems. Plaintiffs brought this federal enforcement action against the Defendants under PURPA § 210 because they have failed to properly implement federal law by approving Alabama Power's discriminatory back-up power charges on customers who generate their own solar power.

Defendant Alabama Public Service Commission's Position: Plaintiffs assert claims under § 210 of PURPA. The subject matter of the dispute is a rate schedule of Alabama Power approved by the Commission through its exercise of exclusive jurisdiction over such matters consistent with Title 37 of the Alabama Code. Intervenor-Defendant Alabama Power Company shares the Defendant's position on the nature of the case.

B. **Current Status**

There are no motions currently pending before the Court. Discovery is ongoing, as discussed in the following section. Defendant Alabama Public Service

Commission intends to file a Request for Leave to File a Motion for Protective Order by May 9, 2025.

### C. Status of Discovery

Plaintiffs' Position: Plaintiffs have served written interrogatories, a request for production of documents, and a notice of 30(b)(6) deposition on the Defendants. Defendants have provided responses to Plaintiffs' discovery but have limited the responses based on objections and claims of privilege. Plaintiffs deposed two witnesses designated by Defendants in response to the notice of 30(b)(6) deposition on April 24, 2025, and that deposition will need to be resumed and/or re-noticed due to issues listed below. There are currently several outstanding discovery issues, some of which may require the Parties to seek guidance from the Court.

Defendant Alabama Public Service Commission's Position: A status conference is likely needed to resolve disagreement over the scope of discovery, privilege issues, and whether any further 30(b)(6) deposition is needed.

### 1. Relevance

Plaintiffs' Position: Plaintiffs have sought both written information and oral testimony regarding the Defendants' approval of Alabama Power's Rate Rider RGB Revision Fifth and Alabama Power's Rate PAE, specifically revisions thirty-third and thirty-fourth. Defendants objected to inquiries about these two topics, arguing that they are not relevant and are outside the scope of the lawsuit. Plaintiffs

3

responded by asserting their position about the scope of discovery in the lawsuit and explained why the topics, which are part of the Public Service Commission's implementation of PURPA, are directly relevant to issues in the case. Following a meet and confer, Defendants stated their intent to file a motion for protective order and the Parties agreed to move forward with the 30(b)(6) deposition of Defendants, reserving questions regarding the disputed topics with the understanding that if no protective order is sought or granted, then Plaintiffs could depose the Defendants' 30(b)(6) witnesses regarding the disputed topics. As of this status report, Defendants have not filed a motion for protective order.

<u>Defendant Alabama Public Service Commission's Position</u>: Plaintiffs seek overly broad discovery beyond matters that are relevant to the claims and defenses. The Commission intends to file a Request for Leave to File a Motion for Protective Order by May 9, 2025.

## 2. <u>Privilege</u>

<u>Plaintiffs' Position</u>: Defendants have objected to Plaintiffs' written discovery and deposition questions by making broad privilege assertions, including the absolute judicial testimonial privilege and the deliberative process privilege, among others. Defendants have asserted these privileges to block Plaintiffs from asking any questions about Defendants' consideration and analysis of their decisions at issue in

this lawsuit. Given the breadth of these assertions, Plaintiffs may be forced to file a motion to compel discovery with respect to Defendants' privilege invocations.

<u>Defendant Alabama Public Service Commission's Position:</u> The judicial and deliberative process privileges apply to what Plaintiffs refer to above as "Defendant's consideration and analysis of their decisions at issue in this lawsuit." The Commission orders approving the contested rates provide the basis for their decision.

### 3. 30(b)(6) Deposition Issues

<u>Plaintiffs' Position</u>: Plaintiffs served Defendants with an Amended Notice of 30(b)(6) Deposition on April 3, 2025. Defendants served Plaintiffs with their objections on April 11, 2025, and designated John Garner and John Free as the Rule 30(b)(6) representatives. During the deposition, it became evident the Defendants did not properly designate or prepare their witnesses with the most knowledge on topics contained in the notice to answer questions related to those topics. Mr. Garner, the Commission's first witness, stated that Mr. Free was more knowledgeable than he was about specific topics listed in the deposition notice and he deferred to Mr. Free. However, when Plaintiffs asked Mr. Free about those topic areas, Defendants' counsel objected and, in several instances, instructed Mr. Free not to answer basic, relevant questions, stating that Mr. Free was not designated to address the topic areas and was not prepared to address them during the deposition. Plaintiffs did not

attempt to determine the designated witness, as Defendants assert below. Rather, Plaintiffs assert that the Defendants did not properly prepare the designated witness and prevented Plaintiffs from questioning the witness with knowledge of the areas of inquiry, which will likely prolong the discovery period and require Plaintiffs to request an extension of multiple deadlines.

<u>Defendant Alabama Public Service Commission's Position</u>: The Commission properly designated and prepared its witnesses for the 30(b)(6) deposition. Plaintiffs sought information outside of the areas of inquiry agreed to during the meet and confer on April 23, 2025. Plaintiffs took the position that they were able to designate their own preferred witness for each area of inquiry on behalf of the Commission during the 30(b)(6) deposition. Plaintiffs further took the position that Plaintiffs' questions did not have to be restricted to the noticed areas of inquiry.

### D. <u>Mediation.</u>

<u>Plaintiffs' Position</u>: Plaintiffs do not object to mediation. During the Rule 26(f) Conference, Defendants expressed concerns about mediation specifically related to the Alabama Open Meetings Act's prohibition on the Public Service Commissioners meeting and deliberating behind closed doors during the mediation process. However, the Open Meetings Act clearly allows a governmental body to go into an executive session (and thus not meet in a public session) "to meet or confer **with a mediator** or arbitrator with respect to any litigation or decision concerning

6

matters within the jurisdiction of the governmental body involving another party, group, or body." Ala. Code § 36-25A-7 (emphasis added). Therefore, the Defendants' concerns with respect to the Open Meetings Act are unfounded.

<u>Defendant Alabama Public Service Commission's Position</u>: Beyond any complicating factors resulting from the Open Meetings Act, the Commission objects to mediation because the rates complained of were approved by the Commission through its exercise of exclusive jurisdiction over such matters consistent with Title 37 of the Alabama Code.

<u>Intervenor-Defendant's Position</u>: Intervenor-Defendant objects to mediation, given that the subject matter of the dispute is a rate schedule of Intervenor-Defendant that was filed with, and approved by, the Alabama Public Service Commission through its exercise of exclusive jurisdiction over such matters consistent with Title 37 of the Alabama Code.

### E. **Current or Anticipated Problems.**

The Parties are currently in disagreement on multiple discovery issues. Although the Parties have conferred about these issues, the disputes are delaying the completion of discovery.

<u>Plaintiffs' Position</u>: It is likely that Plaintiffs will have to request an extension of the discovery period and subsequent deadlines due to the multiple discovery issues. Defendants stated their intent to file a motion for protective order on April

23, 2025, but have not yet filed the motion. Resolution of the motion and other discovery issues will likely result in the need to extend the deadline for Plaintiffs' expert disclosures, at the very least, as the current deadline for Plaintiffs to file expert disclosures is May 30, 2025.  If necessary, Plaintiffs will move for amendment to the Scheduling Order.

<u>Defendant Alabama Public Service Commission's Position</u>: The Defendants are of the position that if the Court provides guidance to the parties regarding discovery and/or limits the scope of the discovery, any further requested extension of the discovery deadline would be unnecessary and this matter can proceed according to the current Scheduling Order.

Respectfully submitted on this, the 6th day of May 2025.

/s/ Christina A. Tidwell
Christina A. Tidwell (ASB-9696-D10R)
Barry A. Brock (ASB-9137-B61B)
Southern Environmental Law Center
2829 2nd Avenue South, Suite 282
Birmingham, AL  35233
Telephone: (205) 745-3060
Facsimile: (205) 745-3064
Email: ctidwell@selcal.org
         bbrock@selcal.org

*Attorneys For Plaintiffs GASP, Inc., Mark Johnston and Teresa K. Thorne*

/s/ Clay Ragsdale
Clay Ragsdale (ASB-0308-A62R)
Allison Riley (ASB-0594-E28M)
Ragsdale LLC
517 Beacon Parkway W.

Birmingham, AL  35209
Telephone: (888) 727-1087
Email: clay@ragsdalellc.com
         allison@ragsdalellc.com

*Attorneys For Plaintiffs James H. Bankston, Jr. and Ralph B. Pfeiffer, Jr.*


/s/ Luther D. Bentley IV
Luther D. Bentley IV (ASB-9981-R48B)
V. Chad Mason, Jr. (ASB-1331-Y21E)
ALABAMA PUBLIC SERVICE COMMISSION
100 North Union Street
RSA Union Building, Suite 802
Montgomery, Alabama 36104
Telephone: (334) 242-5200
Email: luke.bentley@psc.alabama.gov
         chad.mason@psc.alabama.gov

*Attorneys for Defendants Alabama Public Service Commission, Twinkle Andress Cavanaugh, Jeremy H. Oden, Chris V. Beeker, III*


/s/ David R. Boyd
BALCH & BINGHAM LLP
David R. Boyd (ASB-0717-D52D)
445 Dexter Avenue, Suite 8000
Montgomery, Alabama 36104
Telephone: (334) 269-3123
Email: dboyd@balch.com

Scott B. Grover (ASB-3661-066G)
Jason B. Tompkins (ASB-3737-N72T)
1710 Sixth Avenue North
Birmingham, Alabama 35203-2015
Telephone: (205) 226-8781
Email: sgrover@balch.com
         jtompkins@balch.com

*Attorneys for Intervenor-Defendant Alabama Power Company*

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on May 6, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

                                                 /s/ Christina A. Tidwell
                                                 Christina A. Tidwell
                                                 *Of Counsel*